A. Franklin Mahoney, J.
The New York State Tax Commission, respondent, moves to dismiss the article 78 petition of Hospital Television Systems, Inc., petitioner, on the ground that said proceeding is time barred because petitioner had not initiated its 78 proceeding within four months of notice to it of respondent’s determination that certain receipts from coin-operated television sets, owned by petitioner and made available to in-hospital patients, were subjeót to the New York State sales tax (Tax Law, § 1105).
The petitioner cross-moves for an order pursuant to CPLR 409 (subd. [b]) and 3212 for summary judgment and a direction that coin receipts from television sets installed in hospitals are not subject to tax under article 28 of the Tax Law.
*706 Respondent State Tax Commission urges the dismissal upon the following grounds:
(a) the petitioner has failed to exhaust his administrative remedy by applying for a hearing.
(b) the time to apply for such a hearing has expired.
(c) the procedure provided by section 1138 of the Tax Law is, pursuant to section 1140 of the Tax Law, the exclusive remedy provided by law for review of an assessment under article 28 of the Tax Law and the petitioner is no longer entitled to bring a proceeding for review under article 78 of the CPLR.
Section 1140 of the Tax Law provides in pertinent part, that “ The remedies provided by sections eleven hundred thirty-eight and eleven hundred thirty-nine shall be exclusive remedies available to any person for the review of tax liability imposed by this article ’ ’.
Section 1138 of the Tax Law provides in pertinent part as follows: “ (a) If a return required by this article is not filed, or if a return when filed is incorrect or insufficient, the amount of tax due shall be determined by the tax commission from such information as may be available. If necessary, the tax may be estimated on the basis of external indices, such as stock on hand, purchases, rental paid, number of rooms, location, scale of rents or charges, comparable rents or charges, type of accommodations and service, number of employees or other factors. Notice of such determination shall be given to the person liable for the collection or payment of the tax. Such determination shall finally and irrevocably fix the tax unless the person against whom it is assessed, within ninety days after giving of notice of such determination, shall apply to the tax commission for a hearing, or unless the tax commission of its own motion shall redetermine the same. After such hearing the tax commission shall give notice of its determination to the person against whom the tax is assessed. The determination of the tax commission shall be reviewable for error, illegality or unconstitutionality or any other reason whatsoever by a proceeding under article seventy-eight of the civil practice law and rules if application therefor is made to the supreme court within four months after the giving of the notice of such determination.”
In my view, the respondent misinterprets the legislative intent of section 1138 and, accordingly, its motion to dismiss petitioner’s article 78 proceeding must be denied.
I find no mandate for an application for a hearing by an allegedly aggrieved taxpayer; I find no language that directs, or verbiage from which it can be inferred, that a condition precedent to the institution of an article 78 proceeding is an *707 application for a hearing. Section 1138 of the Tax Law provides that notice of determination of tax liability shall be given to the person liable for the collection or payment of the tax and, further, that such determination “ shall finally and irrevocably fix the tax unless the person against whom it is assessed, within ninety days after giving of notice of such determination, shall apply to the tax commission for a hearing, or unless the tax commission of its own motion shall redetermine the same ”. (Italics supplied.) The section then provides that after such hearing the tax commission shall give notice of its determination to the taxpayer. However, what if the taxpayer is satisfied that the computation of the tax sought to be imposed is accurate but wishes to challenge the applicability of the tax to his activity and the revenue therefrom? Must he apply for a hearing before an administrative body and argue a question of law before he can qualify to apply to the courts for a determination? I do not find that section 1138 of the Tax Law makes that requirement. The section says the tax as determined is irrevocably fixed unless the taxpayer shall apply for a hearing; it does not state the taxpayer must apply for a hearing or be precluded from access to the courts. To the contrary, section 1138 says, ‘ ‘ The determination of the tax commission shall be reviewable for error, illegality or unconstitutionality or any other reason whatsoever by a proceeding under article seventy-eight of the civil practice law and rules if application therefor is made to the supreme court within four months after giving the notice of such determination.” (Italics supplied.) Clearly, a taxpayer could not argue the illegality or constitutionality of a statute before an administrative body. Yet, if the argument of the respondent were to prevail I would have to conclude that the legislative intent was to impose the sanctions of an unconstitutional act or the illegal application of a constitutional statute on all those taxpayers who chose not to quarrel with the administration of such a law but whose real grievance was with the law itself or its application to them. I cannot accept such an interpretation of section 1138 of the Tax Law. The consequences of any tax must fall equally on'all similarly situated. The law cannot be construed so as to punish the unwary and reward the diligent.
In the case at bar notice of determination provided for in section 1138 was issued September 5, 1969. The petition pursuant to article 78 sought to be dismissed was instituted within four months of the determination sought to be reviewed. It is not time barred.
The motion to dismiss the article 78 petition is denied.
*708 Since I have held that the 78 proceeding was timely filed it cannot be converted into an action for a declaratory judgment (CPLR 103, subd- [c]) and serve as a basis for a cross motion for summary judgment. CPLR 103 (subd. [c]) applies only to those actions or proceedings cast in the wrong form. Such is not the case herein. An article 78 proceeding is the proper form to attack the applicability of article 28 of the Tax Law to the receipts of coin-operated television sets. I find, therefore, that it is unnecessary to attempt to distinguish between coin-operated television receipts from other type amusement devices (Bathrick Enterprises v. Murphy, 50 Misc 2d 14, revd. 27 A D 2d 215, affd. 23 N Y 2d 664) or receipts from rental of lockers (American Locker Co. v. City of New York, 308 N. Y. 264) with respect to the application of the sales tax of this State to that type of revenue.
The cross motion of the petitioner for summary judgment is denied.
Finally, the court is constrained to direct that the respondent, within five days of the service of the order to be entered herein, serve an answer pursuant to CPLR 7804 (subd. [f]).