■ In the Matter of HOSPITAL TELEVISION SYSTEMS, INC., Respondent, v. NEW YORK STATE TAX COMMISSION, Appellant.— Appeal, by permission, from so much of an order of the Supreme Court at Special Term, entered July 9, 1970 in Albany County, which, in a proceeding pursuant to CPLR article 78, denied the State Tax Commission's motion to dismiss the petition. Petitioner supplies coin-operated television facilities in hospitals. Under an agreement with a hospital, petitioner erects a master antenna on the hospital roof and connects installed television receiving sets in various rooms throughout the hospital. Each set is operated by inserting a quarter into an attached timing device giving 30 minutes of television viewing time. The timing device stops running when the set is switched off. If there is unexpired time left when the set is turned on again, the balance of the 30-minute viewing time is used. At the end of a half hour's use, the set automatically shuts off and another quarter is required to turn it on. By notice dated September 5, 1969 respondent Tax Commission made a determination and demand for sales taxes on receipts by petitioner from this operation. Petitioner commenced this article 78 proceeding on January 5, 1970, seeking to annul respondent's determination on the ground that article 28 of the Tax Law does not apply to the receipts of the coin-operated television sets. This appeal involves only the denial by Special Term of respondent's motion to dismiss the petition. The State Tax Commission contends that petitioner was required to exhaust its time-barred administrative remedy provided for in section 1138 of the Tax Law before resort could be had to an article 78 proceeding. With this contention we do not agree. Subdivision (a) of section 1138 provides for application to the Tax Commission for a hearing within 90 days after giving notice of determination that sales taxes are due. The statute further provides that after such hearing, notice of determination shall be given to the person against whom the taxes are assessed and that determination is reviewable by an article 78 proceeding instituted within four months after the giving of such notice. Section 1140 of such Tax Law states that the remedies provided by section 1138 are exclusive. It is well recognized that when a taxing authority's jurisdiction is challenged on the ground that the statute is unconstitutional or inapplicable, resort need not be had to the method of review prescribed in the taxing statute. (*Richfield Oil Corp.* v. *City of Syracuse*, 287 N. Y. 234, 239.) Since petitioner concedes that if the statute applies it owes the amount determined by

respondent, there are no issues of fact, but only a question of law. The sole basis of the challenge is that the taxing statute is inapplicable. The requirement in the statute of an application for a hearing before the State Tax Commission applies in cases where it is sought to set aside the assessment on other grounds. Petitioner contends its activities are outside the scope of the sales tax and seeks, therefore, to prohibit respondent from exceeding its jurisdiction by applying the sales tax law to petitioner's operation. The administrative remedy provided in section 1138 is clearly inadequate for such purpose, and we conclude that petitioner can properly maintain this article 78 proceeding. We decide no other issues. Order, insofar as appealed from, affirmed, without costs. Herlihy, P. J., Greenblott, Cooke, Sweeney and Reynolds, JJ., concur. [63 Misc 2d 705.]