A. Franklin Mahoney, J.
On June 20, 1970 I authored a decision denying the respondent’s motion to dismiss petitioner’s article 78 proceeding seeking a review of respondent Tax Commission’s determination that certain receipts from coin-operated television sets owned by petitioner and made available to in-hospital patients were subject to New York State sales tax (Tax Law, § 1105) and, further, denying petitioner’s cross motion for summary judgment. An order implementing that decision was signed by me on July 9,1970. The New York State Tax Commission appealed to the Appellate Division, Third Department, from that part of the July 9 order that denied its motion to dismiss the petition. By an opinion, dated January 17, 1973, a unanimous appellate court stated as follows (41 A D 2d 576, 577): “ The sole basis of the challenge is that the taxing statute is inapplicable. The requirement in the statute of an application for a hearing before the State Tax Commission applies in cases where it is sought to set aside the assessment on other grounds. Petitioner contends its activities are outside the scope of the sales tax and seeks, therefore, to prohibit respondent from exceeding its jurisdiction by applying the sales tax law to petitioner’s operation. The administrative remedy provided in section 1138 is clearly inadequate for such purpose, and we conclude that petitioner can properly maintain this article 78 proceeding. We decide no other issues.”
The respondent Tax Commission now moves for judgment dismissing the petition on the grounds that: (1) the petitioner has not complied with the provisions of section 1138 of the Tax Law, before the commencement of this proceeding; (2) the petition fails to state a cause of action; (3) the court has no jurisdiction of the subject matter of the cause of action and (4) the *814 petitioner is estopped from maintaining this proceeding, pursuant to CPLB 404 and subdivision (f) of CPLB 7804.
When the motion was made and oral arguments were heard the moving papers in support of the relief sought seemed to differentiate a distinction without a difference. Certainly, the affirmance of the Appellate Division, referred to above, seemed to answer in the negative the grounds urged upon the court as reasons for granting the motion for judgment dismissing the petition. The opinion of the Appellate Division set at rest the grounds that the petitioner had not complied with the provisions of section 1138 of the Tax Law; that the petition failed to state a cause of action; that the court had no jurisdiction of the subject matter and that the petitioner was estopped from maintaining his article 78 proceeding to test the respondent’s right to tax it at all.
However, since the oral arguments were entertained by this court, the Court of Appeals in (Matter of American Locker Co. v. Gallman, 32 N Y 2d 175) determined, unanimously, that the American Locker Co., the owner of patented coin-operated lockers which it placed under contract with various parties (operators) engaged in providing automatic checking facilities to the public, was a vendor within the meaning of article 28 of the Tax Law and, therefore, subject to the collection and payment of State sales taxes pursuant to the provisions of subdivision (c) of former section 1105 of the Tax Law. This delineation of those who own, install and maintain coin-aperated devices as taxable vendors within the meaning of article 28 of the Tax Law requires, in my view, a substantive look at the operation of the petitioner herein to determine whether its petition now states a cause -of action and, if it does not, whether it becomes amenable to dismissal in this new motion which asks for that relief on the ground that the petition is defective in that respect. The opinion of the Court of Appeals in (Matter of American Locker Co. v. Gallman, supra) constrains such a review of the petition else multiplicity of litigation would be encouraged.*
*815 Former section 1105 of the Tax Law provided in pertinent part as follows:
“ On and after August first, nineteen hundred sixty-five, there is hereby imposed and there shall be paid a tax of two percent [now4%] upon: * * *
“ (c) The receipts from every sale, except for resale, of the following services: * # *
“ (3) Installing tangible personal property, or maintaining, servicing, repairing tangible personal property not held for sale in the regular course of business, whether or not the services are performed directly or by means of coin-operated equipment or by any other means, and whether or not any tangible personal property is transferred in conjunction therewith, * * *
“ (4) Storing all tangible personal property not held for sale in the regular course of business and the rental of safe deposit boxes or similar space.”
In connection with former section 1105 (subd. [c], par. [4]) of the Tax Law the Court of Appeals in Matter of American Locker Co. v. Gallman (supra) determined that inasmuch as a vendor, under article 28 of the Tax Law, is required to be registered (§ 1134), to file quarterly returns (§ 1136) and to remit the tax due (§ 1137) and, further, since section 1101 defines a vendor as “ a person making sales of tangible personal property or services ’ ’ and ‘ ‘ a person maintaining a place of business in the state and making sales, whether at such place of business or elsewhere, to persons within the state of tangible personal property or services ”, such qualifying person or entity is a taxable vendor within the meaning of the statute. Next, the Court of Appeals cited with approval the case of State of Arizona v. Jones (60 Ariz. 412) wherein that court held that a person engaged in the business of maintaining jukeboxes is liable to pay the tax provided by the statute of that State.
The similarities between the operation of the petitioner herein and the American Locker Company are such that, in my view, the conclusion that Hospital Television Systems, Inc. is a taxable vendor within the meaning of article 28 of the Tax Law is inescapable. Each owns the subject personal property. Each device, when operated, provides a service. Both petitioner and American Locker Company install and maintain the items of personalty providing the services and each retains ownership of them. As with American Locker, when a hospital patient makes use of a coin-operated television set he is dealing with the Hospital Television Systems, Inc.
*816 Viewed in this light, I see no distinction between the operation and the services provided by Hospital Television Systems, Inc. and American Locker Company. Each, for the reasons above, is a taxable vendor within the meaning of article 28 of the Tax Law. The holding in Matter of American Locker Co. v. Gallman (supra) and the conclusion reached in this case invests the Tax Commission with the jurisdictional right to tax the petitioner herein and, therefore, immunizes such commission from collateral attack. The holding by the Court of Appeals and the finding reached herein has the further effect of particularizing the provisions of section 1138 of the Tax Law as the exclusive remedy provided by law for review of sales tax assessments. The time for the petitioner to utilize section 1138 has long since passed. Therefore, the petition herein, which seeks a finding that section 1138 is inapplicable to it, is without merit and fails to state a cause of action.
Respondent’s motion to dismiss on the ground that the petition fails to state a cause of1 action is granted. Consideration need not be given to plaintiff’s cross motion for summary judgment.

 In this connection it should be noted that when the petition under attack had been first considered by this court and the Appellate Division, the only appellate decisional law with respect to the taxability of receipts from coin-operated devices was American Locker Co. v. City of New York, (308 N. Y. 264, 267) wherein the City of New York sought to impose its retail sales tax on such receipts. Since that tax was on receipts from sales of “ tangible personal property” and, further, since the term “sale” was defined as "transfer of title or possession or both ”, there could be no taxable retail sale of property. American Locker Co. v. City of New York (308 N. Y. 264) made no ruling with respect to taxes on sales of services.