In the Matter of HOSPITAL TELEVISION SYSTEMS, INC., Appellant, *v.* NEW YORK STATE TAX COMMISSON, Respondent.

Third Department, April 18, 1974.

*John R. Davison* for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Francis V. Dow* and *Ruth Kessler Toch* of counsel), for respondent.

Kane, J. This is an appeal from a judgment of Supreme Court at Special Term, entered July 5, 1973 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78 to review and annul a determination of the State Tax Commission imposing a sales tax on its operations pursuant to article 28 of the Tax Law.

Petitioner supplies coin-operated television sets to hospitals in a manner more fully set out in our prior decision concerning this case (cf. *Matter of Hospital Tel. Systems* v. *New York State Tax Comm.*, 41 A D 2d 576). The respondent Tax Commission claims that petitioner's receipts from this operation are subject to sales tax and made such a determination and demand therefor. Petitioner commenced this proceeding to review and annul that determination on the ground that its activities are outside the scope of the statutory sales tax provisions and appeals from the judgment which dismissed its petition for failure to state a cause of action. Although issue was never joined, no factual dispute is presented.

Special Term found petitioner subject to the sales tax by equating its practices with those of a coin-operated locker facility held taxable in *Matter of American Locker Co.* v. *Gallman* (32 N Y 2d 175). However, the petitioner in that case was determined to have been engaged in the service of "storing" property within the specific tax meaning of paragraph (4) of subdivision (c) of section 1105 of the Tax Law then in effect. No matter how similar the methods of collecting revenue might appear to be, it is clear that this petitioner's operations do not encompass any storage aspect subject to the reach of that provision. Likewise inapplicable to petitioner's situation are the taxable services of "installing", "maintaining", "servicing", or "repairing" personal property under paragraph (3) of subdivision (c) of section 1105 of the Tax Law for, while such services are undoubtedly performed on its televisions as a necessary incident to insure continued income, petitioner derives no receipts therefrom and that provision appears designed to secure tax from such services when performed on property owned by the ultimate consumer.

On this appeal the Tax Commission seeks to justify its position on the ground that petitioner's activities amount to the "retail sale of tangible personal property" within the meaning of subdivision (a) of section 1105 of the Tax Law and abandons any reliance on the afore-mentioned provisions which

impose sales tax on the sale of certain enumerated services. While a "retail sale" is defined as the "sale of tangible personal property * * * for any purpose." (Tax Law, § 1101, subd. [b], par. [4], cl. [i]) and "sale" is further defined as including "any transfer of title or possession or both, exchange or barter, rental, lease or license to use or consume * * * in any manner or by any means whatsoever for a consideration" (Tax Law, § 1101, subd. [b], par. [5]), we have previously held that operation of coin-operated amusement devices such as phonographs and bowling games did not fall within the meaning of such a "retail sale" despite such "license to use" language (*Bathrick Enterprises* v. *Murphy*, 27 A D 2d 215, affd. 23 N Y 2d 664; cf. *American Locker Co.* v. *City of New York*, 308 N. Y. 264, 267). We fail to perceive any substantial distinction between a coin-operated television set which is provided for the enjoyment of its user and supplying him with a similar juke box or gaming device for the same purpose. Accordingly, such endeavors are not subject to sales tax as retail sales and, since they do not constitute one of the services specified in section 1105 of the Tax Law as taxable, petitioner's motion for summary judgment should have been granted. We have examined respondent's other arguments and find them to be without merit.

The judgment should be reversed, on the law, and summary judgment granted in favor of petitioner annulling the determination of the State Tax Commission, with costs.

STALEY, JR., J. P., SWEENEY, MAIN and REYNOLDS, JJ., concur.

Judgment reversed, on the law, and summary judgment granted in favor of petitioner annulling the determination of the State Tax Commission, with costs.