Joseph J. Sedita, J.
Petitioners seek an order pursuant to CPLR article 78 to prohibit respondent tax examiners from assessing petitioners for additional sales taxes. Respondents have requested an order dismissing this petition pursuant to CPLR 7804 (subd [f]).
Petitioner Fairbank Farms, Inc., and another corporation share garage space for the maintenance and repair of their trucks. These corporations wished to discontinue a complicated dual system of labor costs, parts procurement and other garage costs. The system they devised involved the payment of all costs and the procurement of necessary labor and parts through one of the corporations. The second corporation would then reimburse the first corporation for its share of expenses. No "profit” was to be made by the first corporation. By using this new system the corporations paid the same amount of sales tax that they would have paid under the old dual system. The new arrangement was one of convenience rather than commerce.
The accountant who represented both corporations was concerned that the new arrangement might result in additional sales tax liability for Fairbank Farms, Inc. To clarify the question he wrote to the Instructions and Interpretations Unit of the State Tax Commission explaining the situation in full. The unit replied unequivocally that no tax would be due on any reimbursements made under the plan. Fairbank Farms, Inc., acting in reliance on the determination of the Instructions and Interpretations Unit, proceeded to conduct its garage operations under the plan outlined above.
In October of 1976, the respondent local tax examiners audited the books of the respective corporations, and after a hearing on the matter, notified petitioners that almost $4,500 of additional sales tax would be due from Fairbank Farms, Inc. Said examiners told petitioners that they disagreed with the «ruling made by the Interpretations Unit and that they did not feel bound by its ruling.
This case raises a number of procedural and substantive issues:
1. Are respondents the proper parties to this suit?
*1024 2. Should petitioners have exhausted other administrative remedies?
3. Should the local tax examiners be enjoined from determining an additional sales tax assessment once the Interpretations Unit had made a "no-tax” ruling?
In order to answer these questions and come to appropriate conclusions, one must understand the nature of the relief sought in this matter. While this action is in general one under CPLR article 78, within that category are included actions in the nature of "certiorari” (review of a "quasi-judicial”) proceeding, "mandamus” (review of an administrative act or to compel an administrative act required by law), "prohibition” (enjoin threatened acts in excess of jurisdiction). (See 8 Weinstein-Korn-Miller, NY Civ Prac, § 7801.)
Since there has been no "final” assessment of additional sales tax, only an initial determination by the examiners, it would appear that the relief sought here is in the nature of "prohibition”. Petitioners seek to enjoin a "threatened” tax determination.
"Prohibition” is considered an extraordinary remedy and is applied where another remedy is unavailable and a judicial or "quasi-judicial” tribunal is threatening to act in excess of its jurisdiction, (see Matter of Rushmore v Lipson, 45 Misc 2d 487.)
Keeping in mind the nature of this action, let us speak to each of the questions that has been raised.
ARE RESPONDENTS PROPER PARTIES?
CPLR 7801 permits article 78 actions against "bodies or officers”. CPLR 7802 (subd a) defines "body or officer” as "every court, tribunal, board, corporation, officer, or other person, or aggregation of persons, whose action may be affected by a proceeding under this article.” (Emphasis added.) CPLR 7802 (subd c) requires the joinder of the particular individuals affected when the proceeding is in the nature of prohibition. (See, also, Matter of Leventhal v Michaelis, 29 Misc 2d 831.)
It is the finding of this court that the respondents are proper and necessary parties to this proceeding.
SHOULD THIS PROCEEDING BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES?
Since this action is in the nature of prohibition rather than certiorari, there is no requirement that petitioners exhaust *1025 administrative remedies. (See 8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.07.) Even if the tax had officially been assessed and the nature of the action was in certiorari, case law in point would indicate that immediate resort to article 78 is appropriate under this statute. (See Matter of Hospital Tel. Systems v New York State Tax Comm., 63 Misc 2d 705, affd 41 AD2d 576; 74 Misc 2d 813, revd 44 AD2d 271, affd 36 NY2d 746.)
SHOULD THE LOCAL TAX EXAMINERS BE ENJOINED FROM ASSESSING ADDITIONAL TAX?
The tax examiners in this matter have threatened to exercise their "quasi-judicial” power to determine that additional tax should be assessed to petitioners under the applicable tax law. Their function under the Tax Commission is primarily to examine and audit taxpayers and apply the law to the facts they find, rather than to develop new interpretations of the applicable statutes.
The arm of the Tax Commission charged with the responsibility for interpreting the tax statute (Instructions and Interpretations Unit) has issued a clear ruling and the local tax examiners exceed their proper function when they ignore that ruling, especially when a taxpayer has relied upon it.
One of the essential roots of our system of justice is a commitment to the idea that citizens should be given fair notice of what the law is before they can be charged with any violation of that law. In this case, not only did petitioners have no notice that the statute would be applied in this manner, they were told by the appropriate arm of the Tax Commission (Instructions and Interpretations Unit) that they would clearly not be subject to additional tax.
The sound policy of the Federal Internal Revenue Service, in this type of situation, is expressed in a published ruling of the Commissioner of Internal Revenue:
".05 Except in rare or unusual circumstances, the revocation or modification of a ruling will not be applied retroactively with respect to the taxpayer to whom the ruling was originally issued or to a taxpayer whose tax liability was directly involved in such ruling if
"1. There has been no misstatement or omission of material facts,
"2. The facts subsequently developed are not materially different from the facts on which the ruling was based,
*1026 "3. There has been no change in the applicable law,
"4. The ruling was originally issued with respect to a prospective or proposed transaction, and "5. The taxpayer directly involved in the ruling acted in good faith in reliance upon the ruling and the retroactive revocation would be to his detriment.” (Internal Revenue Service Ruling 72-3, 1972-1 C.D. 698, 705.)
This court is very much in agreement with the thrust of this ruling. Fundamental concepts of a fairness and due process require that a taxpayer should not be penalized and entrapped by a tax bureaucracy that has failed to maintain its own internal consistency and order.
Accordingly, this court finds that the respondents would be acting arbitrarily, capriciously, and in excess of their proper authority if they determine that Fairbank Farms, Inc., should be assessed additional sales tax. An order of prohibition under article 78 is appropriate in this case and such an order is necessary to avoid an abuse of discretion and a grave injustice.