OPINION OF THE COURT .
Arthur Ervin Blauvelt, J.
The petitioners, the Genesee Hospital (hereinafter Genesee) and the Rochester St. Mary’s Hospital of the Sisters of Charity (hereinafter St. Mary’s) are not-for-profit corporations providing hospital care to persons in and around Monroe county. Respondent Werner Kramarsky is Commissioner of the New York State Division of Human Rights (hereinafter division) and complainant Martha Valdemarsen (hereinafter complainant) is the person who filed written complaints against petitioners, charging retaliatory discrimination in refusing her employment because she had previously flied a complaint with the division. These complaints, both filed June 30, 1977, initiated the division’s proceeding under article 15 of the Executive Law against petitioners, which, in turn, caused *611 petitioners to commence this proceeding seeking an order pursuant to CPLR 7803 (subd 2) in the nature of prohibition to enjoin respondents from proceeding in their article 15 proceeding in excess of their powers.
Respondents and the complainant have separately moved for judgment dismissing the petition.
After receiving complainant’s complaints on June 30, 1977, the division made findings of jurisdiction and probable cause to support the complaint against St. Mary’s on November 3, 1977 and against Genesee on November 10, 1977, so notified petitioners and advised them that a public hearing to try out the charges would be scheduled for a later date. On April 24, 1978, petitioners were served with notice that the public hearing was scheduled to be held May 9, 1978. Thereupon petitioners commenced this proceeding which was argued May 8, 1978. In the meantime the public hearing has been held in abeyance.
Article 15 of the Executive Law implements section 11 of article I of the New York State Constitution which seeks to abolish various types of discrimination in the State. Section 297 of article 15 of the Executive Law prescribes the procedure which the division must follow in connection with discrimination complaints. Prior to August 5, 1977 this section prescribed certain timetables for the division to follow. These provided, inter alia, that within 15 days after the filing of a complaint the division shall make a written finding as to whether or not it had jurisdiction to proceed and as to whether or not there was probable cause to believe that the complaint had merit. If it found in the affirmative, a copy of the findings shall then be served on the respondent; further, that if jurisdiction and probable cause are found, the division shall, within 60 days after the filing of the complaint, serve written notice on all parties concerned of the date, time and place of a public hearing to try out the charges which date shall not be less than 5 nor more than 15 days from date of service of such notice.
Apparently these deadlines were unrealistic and a number of CPLR article 78 proceedings ensued in other cases where these time limits had not been met. In most of such prohibition proceedings, the petitions were dismissed, the courts holding that such time limits were merely directory, not mandatory, since complainants should not be penalized by reason of the dilatory action of the division. Typical of such *612 holdings is Union Free School District No. 6 of Towns of Islip & Smithtown v New York State Human Rights Appeal Bd. (35 NY2d 371, 380). However, more recently, some of such orders of prohibition were granted where the courts found protracted delay resulting in actual, substantial prejudice to the respondents in such article 15 of the Executive Law proceedings. Typical of such holdings is State Div. of Human Rights v Board of Educ. of West Val. School Dist. (53 AD2d 1043). West Valley was affirmed by the Court of Appeals on June 9, 1977 (42 NY2d 862) with the result that there was no certainty as to how protracted a delay and how much resulting prejudice might result in the divisions losing jurisdiction over a proceeding. Accordingly, the Legislature at its 1977 regular session undertook to resolve the problem of uncertainty and did so by radically amending section 297 of the Executive Law (L 1977, ch 729), effective August 5, 1977.
Originally two bills were introduced in the Senate to correct the time problem. Senate Bill 6777 proposed to solve the problem by simply adding a new subdivision 10 to section 297 of the Executive Law, which would expressly state that the time limitations were directory only and that failure to adhere to them would not terminate the jurisdiction of the division. Apparently it would have left the existing unrealistic time specifications unchanged. It was not passed.
The other bill, Senate Bill 6777-A, approached the problem in a more practical manner, namely, by substantially enlarging the unrealistic time specifications to periods with which the division, considering its case load, could cope. It does not provide that the specifications are directory only. To the contrary it continued to employ the verb "shall”. The extensions of time pertinent to the case at bar are to extend the period within which the division may find jurisdiction and probable cause from 15 to 180 days after the filing of the complaint and to extend the period within which the public hearing must be scheduled from 60 to 270 days after the filing of the complaint. This bill was passed. The Attorney-General in his memorandum to the Governor dated August 4, 1977 (1977 Opns Atty Gen —) advised the Governor that he found no legal objection to the bill and that in view of the realistic extensions of time, "the courts may now interpret the time specifications as mandatory.” The Governor signed the bill August 5, 1977, effective immediately. This is a procedural *613 amendment and all parties to this proceeding agree that the time extensions are applicable hereto.
The purpose of these time changes was to eliminate all uncertainty as to the time periods within which the division must act, a commendable objective. Considering the history of events leading up to the amendment this court agrees with the Attorney-General and rules that the amended time specifications are mandatory and in the nature of Statutes of Limitation.
This would seem to be a case of first impression.
No rulings on the effect of these amendments have been called to the attention of the court nor has independent research disclosed any. Both counsel for the division and the complainant rely heavily on Matter of Tessy Plastics Corp. v State Div. of Human Rights (62 AD2d 36), which was decided April 13, 1978. In Tessy, the complaint was filed April 5, 1976, jurisdiction and probable cause were found November 26, 1976, respondent was advised on December 26, 1976 that a public hearing would shortly be held, prohibition was sought January 26, 1977 and granted March 2, 1977. Thus all material events for review by the Appellate Division had been concluded months before the amendment of August 5, 1977 and it was upon the law as it existed prior to August 5, 1977 that the Appellate Division ruled. Under the then existing law, prohibition was ordered only on a finding of laches. Under the doctrine of laches, two essential facts must have been found; first, an egregious, protracted delay resulting in, second, substantial prejudice to the party charged. To establish these facts a public hearing was essential and necessarily followed by proceedings before the appeals board before resort could be had to the courts. In other words, it was essential that the party charged exhaust his administrative remedies. The only reference which the Appellate Division made to the 1977 amendment was to utilize these extended time specifications as one of the tests of reasonableness. It did not hold that the amended time specifications were, as in the past, to be construed as merely directory. To have done so would have been dicta.
Unlike the doctrine of laches, where a Statute of Limitations is raised as a defense, there need be no findings of fact such as unreasonable delay resulting in substantial prejudice, but only the issue of law as to whether a remedy is time- *614 barred, which, in this proceeding appears on the face of the pleadings.
Generally, where only a question of law is involved, there need be no exhaustion of administrative remedies (8 Weinstein-Korn-Miller, NY Civ Prac, par 7801.07). To the same effect are Matter of Hospital Tel. Systems v New York State Tax Comm. (63 Misc 2d 705, 707, affd 41 AD2d 576); and Matter of Fairbanks Farms v Kasza (89 Misc 2d 1022, 1024).
In considering whether a court, board or officer has, or is about to exceed its jurisdiction, the Court of Appeals has treated "excess of jurisdiction” as synonymous with "excess of power”, and did so in La Rocca v Lane (37 NY2d 575, 577), as follows: "Prohibition is available to restrain an inferior court or Judge from exceeding its or his powers in a proceeding over which the court has jurisdiction.” Further, at page 581, it said: "The law generally and the extraordinary remedy of prohibition has not developed as a linguistic exercise but as a response in language and concept to the recognized needs and accommodations in a society governed by the rule of law. There is a larger logic than that delineated by etymology. To eliminate or minimize the concept of an excess of power, on presumed verbalistic grounds, would undermine a common-law principle of ancient standing and the continuous statutory statement of that principle.”
To the same effect is Matter of United States of Mexico v Schmuck (294 NY 265, 274).
As shedding further light upon the utilization of prohibition in situations such as are encountered here, where a multiplicity of actions may be avoided and judicial manpower conserved rather than overburdened, what was said in Matter of Dondi v Jones (40 NY2d 8, 14), is pertinent to this proceeding which may serve as a guide for the many complaints which may be affected by the amendment under consideration here: "In the exercise of discretion, a court may consider the desirability of the prompt settlement of an important jurisdictional question so that a multiplicity of void proceedings in other cases will be prevented * * * obviously a situation present here * * *. Prohibition does not issue where the grievance can be redressed by ordinary proceedings at law or in equity, such as by appeal, motion or other ordinary applications, but, if the appeal, motion or other applications would be inadequate to prevent the harm and prohibition would furnish a more *615 complete and efficacious remedy, it may be employed even though other methods of redress are technically available.”
Applying the law to the facts at hand, the complaints were filed June 30, 1977. The findings of jurisdiction and probable cause were made on November 3, 1977 and November 10, 1977, both timely, and well within the time specification of 180 days. However, the specification of 270 days from the date of filing of the complaint expired on March 27, 1978 and thereupon the division was divested of power or jurisdiction to pursue the matter further and its scheduling of public hearing to be held May 9, 1978 and service of notice thereof on April 24, 1978 were beyond its power and jurisdiction.
Respondents’ and complainant’s motions to dismiss the proceeding are denied and petitioners’ application for an order in the nature of prohibition is granted and the court directs judgment accordingly.