■ In the Matter of MERRICK ESTATES CIVIC ASSOCIATION, INC., Appellant, v STATE TAX COMMISSION et al., Respondents.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Tax Commission which sustained a sales tax assessment imposed under article 28 of the Tax Law. Petitioner is a land development association in the Town of Hempstead consisting of approximately 235 homes. The contract of sale for the purchase of each home included a provision for the joint ownership of certain nearby beach property, thereby affording the homeowners shared access to and enjoyment of private beachfront land. In 1957, the petitioner, Merrick Estates Civic Association, Inc. (Association), was formed pursuant to the Membership Corporation Law. The constitution adopted by the Association had as one of its purposes the maintenance, on behalf of its members, of a beach, a swimming pool and related facilities. Transfer of home ownership included transfer of membership in the Association. Each member was obligated to pay his pro rata share of the maintenance cost of the facilities. Use of the facilities was limited to members of the Association. On June 20, 1972, the Association applied for a refund of paid sales taxes. The respondent, State Tax Commission, by a revised notice of determination, dated January 25, 1974, assessed a sales tax of $5,471.65 against the Association. After a hearing, the respondent denied petitioner's claim for a refund and sustained the sales tax assessment. The CPLR article 78 proceeding challenging this result has been transferred to this court for disposition. The sole issue is whether the sales tax bureau of the State Tax Commission correctly applied sections 1101 (subd [d], par [13]) and 1105 (subd [f], par [2]) of the Tax Law to the petitioner. Section 1105 (subd [f], par [2]) of the Tax Law imposes a sales tax of 4% upon "The dues paid to any social or athletic club in this state if the dues of an active annual member, exclusive of the initiation fee, are in excess of ten dollars per year". The Tax Law defines "social or athletic club" as being "Any club or organization of which a material purpose or activity is social or athletic" (Tax Law, § 1101, subd [d], par [13]). It is clear that both the statutory language of section 1105 (subd [f], par [2]) and the definition contained in section 1101 (subd [d], par [13]) make "social" and "athletic" disjunctive. Consequently, the application of either section to the activities of petitioner is sufficient to justify the imposition of the tax. Since it is the legislative and judicial policy of this State to administer local taxing statutes in a manner consistent with Federal tax laws on which they are patterned (cf. *Matter of Rogers,* 269 App Div 551, affd 296 NY 676), we feel that the interests of uniformity and harmony, in the absence of a body of State law, justify our analogizing the fact pattern herein to similar situations passed upon by the Federal courts. In *United States v McIntyre* (253 F2d 728), residents of a particular residential section, as here, formed a corporation, again as here, in order to construct a community swimming pool. Membership was limited to homeowners living in a defined residential section. Use of the pool was limited to members and a limited number of guests. In determining that the Association was a "social" club for tax purposes, the court noted that the pool was private, not public, that the membership was restricted, and that members from a defined community, by pre-arrangement or happenstance, met for social purposes. We can discern no difference between the activities of the Association herein and that in *McIntyre.* (See, also, *Vecellio v United*

*States,* 196 F Supp 1, 6; *Fisher v McCrory,* 163 F Supp 132.) Since we have determined that the use of the Association facilities is "social", we need not determine if they are also "athletic". Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Kane, Staley, Jr., and Main, JJ., concur.