■ In the Matter of FAIRBANK FARMS, INC., et al., Respondents, v THADDEUS KASZA et al., as Sales Tax Examiners of the New York Sales Tax Bureau, Appellants.—Judgment reversed, without costs, and petition dismissed, without prejudice to the institution of administrative proceedings in accordance with the following memorandum: In this CPLR article 78 proceeding, Special Term prohibited respondents-appellants from determining that petitioner-respondent Fairbank Farms, Inc., is subject to assessment of

sales tax arising from certain transactions for a specified period of time and from taking any departmental action in furtherance of their proposed determination that such sales tax is due. Petitioner-respondent Rhodes, accountant for Fairbank Farms, Inc., had inquired by letter to the Instructions and Interpretations Unit of the New York State Department of Taxation and Finance as to the taxability of a method of accounting proposed by Fairbank Farms, Inc. Upon the written reply from the Instructions and Interpretations Unit that the method would not result in additional sales tax liability, Fairbank Farms, Inc., implemented the method. Subsequently, respondents-appellants Mazurowski and Holynski, sales tax examiners, proposed to assess an additional sales tax on the transactions. Fairbank Farms applied for a preassessment hearing at which respondent-appellant Kasza, the hearing officer, upheld the proposed assessment. Before petitioners-respondents applied for a hearing pursuant to section 1138 of the Tax Law and, indeed, before a final determination had been made by the Tax Commission, petitioners-respondents commenced the instant CPLR article 78 proceeding. Respondents-appellants contend that petitioners-respondents failed to exhaust their administrative remedies as required by sections 1138 and 1140 of the Tax Law. We agree. Petitioners-respondents do not challenge the taxing authority's jurisdiction on the ground that the statute is unconstitutional or inapplicable; therefore, they must comply with the method of review prescribed in the Tax Law (see *Richfield Oil Corp. v City of Syracuse*, 287 NY 234, 239; *Matter of Hospital Tel. Systems v New York State Tax Comm.*, 41 AD2d 576). Inasmuch as no final determination has been reached by the Tax Commission, the 90-day period in which petitioners-respondents may apply for a hearing (Tax Law, § 1138) has not begun to run. We do not reach the question of estoppel as against the State Tax Commission which is not a party hereto but which should be joined in any further proceedings. All concur, except Callahan, J., who dissents and votes to affirm the judgment in the following memorandum.

Callahan, J. (dissenting). I dissent from the majority and vote to affirm Special Term. Appellants Thaddeus Kasza, coordinator, Robert A. Mazurowski and Ronald Holynski, tax examiners, and the New York Sales Tax Bureau appeal from a judgment prohibiting the determination that Fairbank Farms, Inc., is subject to an assessment of sales tax on the operation of its interrelated garage facility. The Fairbank family owns two corporations: Fairbank Farms, Inc., and Goose Creek Transport. Each operates a fleet of trucks which are maintained by the same mechanics in a common garage facility. The mechanics were paid by each corporation for the time allocated to their respective vehicles. No repairs were done for anyone else and each obtained for its use any needed parts. John L. Rhodes, accountant, recommended inaugurating a simplified accounting procedure consolidating the purchases and payroll into one for which that corporation would be reimbursed monthly for actual expenses attributed to the other. He addressed an inquiry to the Instructions and Interpretations Unit in the Sales Tax Bureau of the New York State Department of Taxation and Finance advising of his proposal and requested an opinion as to whether such a reimbursement plan by the related corporations could be considered a taxable transaction on which New York State Sales Tax should be collected. The Chief of the Instructions and Interpretations Unit replied: "While the charge for service and repairs by the garage owner will be subject to tax, the monthly reimbursement would not be considered a charge but merely a repayment. Accordingly, this repayment would not be subject to additional sales tax." In reliance thereon, the procedure was adopted. Thereafter

appellants Robert A. Mazurowski and Ronald Holynski, New York tax examiners, conducted an audit of Fairbank Farms, Inc., and demanded payment of $6,045.93 in sales taxes. Upon objection by the corporation, a preassessment hearing was held before Thaddeus Kasza, Assistant Coordinator of the Buffalo Office of the Sales Tax Bureau at Buffalo, New York. He upheld the proposed assessment. Fairbank Farms, Inc., and John L. Rhodes commenced this proceeding pursuant to CPLR 7803 (subds 2, 3) to annul the determination which is contrary to the original opinion issued by the bureau. The appellants moved pursuant to CPLR 7804 (subd [f]) for an order dismissing the petition. The majority requires Fairbank Farms, Inc., to exhaust all administrative remedies before commencing an article 78 proceeding. This imposes upon an innocent taxpayer an unnecessary lengthy and costly burden. It is established that when a taxing authority's jurisdiction is challenged on the ground that the statute is unconstitutional or inapplicable, resort need not be had to the method of review prescribed in the taxing statute *(Richfield Oil Corp. v City of Syracuse,* 287 NY 234). Fairbank Farms, Inc., maintains that its operation is not within the scope of the sales tax and *seeks to prohibit appellants from exceeding their jurisdiction.* The administrative remedies provided in sections 1138, 1139 and 1140 are clearly inadequate for such purpose *(Matter of Hospital Tel. Systems v New York State Tax Comm.,* 41 AD2d 576, 44 AD2d 271, affd 36 NY2d 746). There are no issues of fact to be determined but only a question of law. Under these circumstances, it is not necessary for Fairbank Farms, Inc., to exhaust its administrative remedies *(Matter of Building Contrs. Assoc. v Tully,* 65 AD2d 199; *Matter of National Elevator Ind. v State Tax Comm.,* 65 AD2d 304). The administration of the New York Sales Tax Law is conducted by the Sales Tax Bureau (20 NYCRR 525.3 [a]). It provides for inquiries concerning interpretations of sales tax to be submitted to the Instructions and Interpretations Unit (20 NYCRR 525.3 [b]). It has long been a policy in New York to administer taxing statutes in a manner consistent with Federal tax laws on which they are patterned *(Matter of Merrick Estates Civic Assn. v State Tax Comm.,* 65 AD2d 669). It is Federal policy to honor interpretations issued by the Internal Revenue Service. It is also the policy of the New York State Department of Taxation and Finance for prospective planning purposes (20 NYCRR 900.2). As a general rule the concept of estoppel cannot be invoked against the State *(Matter of Consolidated Edison Co. of N. Y. v State Tax Comm.,* 24 NY2d 114) particularly in the area of taxation *(Matter of Turner Constr. Co. v State Tax Comm.,* 57 AD2d 201). It should be enforced however in exceptional cases to avoid manifest injustice *(Eden v Board of Trustees of State Univ. of N. Y.,* 49 AD2d 277). No division of the government is immune from scrutiny. The State may be estopped as any individual when it makes representations through authorized agents upon which an individual relies to his detriment *(Matter of Di Giacomo v City of New York,* 58 AD2d 347). The Instructions and Interpretations Unit of the Sales Tax Bureau was created to advise taxpayers as to the tax consequences of actions or occurrences. Its duties and authority are implied from its title and the regulations. Petitioners relied on the opinion from the Sales Tax Bureau in their business operation, secure in the knowledge that they were in compliance with article 28 of the Tax Law and the regulations of the Department of Taxation and Finance. The accounting procedure would not have been altered from its previously tax free status to a situation where sales tax might be assessed without the assurance of an official of the Department of Taxation and Finance that the change would be proper. A clear and concise case has been established herein estopping

the State from imposing any sales tax against Fairbank Farms, Inc., retrospectively. I find no error in the failure to name the Tax Commission rather than the New York Sales Tax Bureau. The Attorney-General appeared for the New York State Tax Bureau as he would have for the commission. No prejudice has been alleged nor has any been shown. Appellants in their motion pursuant to CPLR 7804 (subd [f]) presented arguments directed to the issues raised and thereby waived their right to submit an answer (Matter of Board of Educ. v City of Buffalo, 32 AD2d 98). For the foregoing reasons I disagree with the majority and would affirm the Special Term decision. (Appeal from judgment of Erie Supreme Court—art 78.) Present—Cardamone, J. P., Hancock, Jr., Schnepp, Callahan and Witmer, JJ. [89 Misc 2d 1022.]