OPINION OF THE COURT
Dorothy E. Kent, J.
Motion by plaintiffs for summary judgment declaring and determining that the defendants, the City of New York and the Department of Finance of the City of New York, have unlawfully, arbitrarily and capriciously and in violation of the Constitution and laws of the State of New York and the United States applied and imposed the utility tax of the City of New York against them and enjoining the defendants from enforcing or collecting the utility tax against the plaintiffs and for other and further related relief is disposed of as follows:
Plaintiffs, New York Bus Tours, Inc., Pelham Parkway Bus Service, Inc. and Riverdale Transit Corp., are franchised bus companies operating within the City of New York, providing express bus service. Plaintiff Pioneer Bus Corp.’s operations terminated in June, 1979. Edward Arri *11 goni, the president of New York Bus Tours, Inc., who is the secretary of Mass Transit Operators of New York and director of the Bus Association of New York State submits his affidavit in support of the motion by the plaintiffs.
This proceeding pertains to the utility tax of the City of New York, title QQ of chapter 46 of the Administrative Code of the City of New York, specifically subdivision 10 of section QQ46-1.0. The utility tax law imposes a 1.17% gross receipts levy on private omnibus companies with respect to revenue derived solely within the city and which excludes from this tax those companies referred to as limited fare omnibus companies: “‘Limited fare omnibus company.’ An omnibus company whose principal source of revenue is derived from the transportation daily of passengers wholly within the city of New York at fares not in excess of thirty-five cents per passenger for transportation on a route or a zoned portion thereof pursuant to a franchise agreement with, or consent of the city of New York.”
Within the City of New York, other than a company known as Private Transportation which operates between certain religious communities, the only franchised bus companies operating solely within the city with fares comparable to the New York City Transit Authority (N.Y.C.T.A.) are the plaintiffs herein and Green Bus Lines, Inc., Triboro Coach Corp., Avenue B and East Broadway, Jamaica Bus Lines, Inc., Steinway Transit Corp. and Queens Transit. These other companies although providing some express service have been referred to in plaintiffs’ moving papers as the nonexpress operators.
For the period prior to December 5, 1975, the basic fare of the nonexpress operators was 35 cents, which fare excluded these operators from the utility tax. On December 5, 1975, the Board of Estimate of the City of New York authorized an increase to 50 cents for the nonexpress operators and to $1.50 for the plaintiffs. Since this date, the nonexpress bus companies have not to date paid the utility tax nor been subject to audit.
The complaint in this proceeding is principally predicated upon the alleged selective enforcement of the utility tax so that only the plaintiffs whose services are the *12 equivalent of those provided by the N.Y.C.T.A. are subject to assessments and payment. Plaintiffs allege that the defendant’s discriminatory selectivity raises constitutional issues and violates the civil rights provisions set forth in section 1983 of title 42 of the United States Code: “Civil action for deprivation of rights. Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.”
Plaintiffs contend that because of the selective enforcement of this tax, judgment should be issued declaring unconstitutional the imposition of the utility tax against the plaintiffs and damages at least in the amount of the taxes heretofore paid by the plaintiffs.
Defendants oppose plaintiffs’ motion and request summary judgment be granted dismissing the complaint and declaring that plaintiffs are subject to the utility tax, that all taxes paid or assessed against the plaintiffs are due and owing and that there has been ho invidious or purposeful discrimination against the plaintiffs so as to constitute a denial of equal protection under the law. Defendants further request judgment dismissing the complaint as premature in that no justiciable controversy exists, and dismissal for lack of subject matter jurisdiction.
Defendants argue that the City Council of the City of New York has pending before it a bill which purpose it is to continue the exemption provided to the limited fare omnibus operators. Defendants state that no justiciable controversy exists in that, if the bill is enacted into law, the question will be moot. If, on the other hand, the bill is not made law, then the tax will be enforced against all omnibus companies' subject to the tax.
Defendants next claim that the distinction between the limited fare omnibus companies which are “nonexpress operators” and the plaintiffs’ companies is rational, reasonable and not based upon any impermissible motive so as *13 to deny plaintiffs equal protection under the law or constitute discrimination under section 1983 of title 42 of the United States Code. That “nonexpress operators” like plaintiffs operate pursuant to franchises is admitted by the defendants. Defendants, nevertheless, attempt to distinguish the two groups because each operates pursuant to different franchises, over different routes and at different rates and accordingly provide a very different service to the public. Defendants indicate that the nonexpress operators are understood to provide services that supplement the local bus routes of the N.Y.C.T.A. Defendants next argue that the legislative history of the utility tax evidences an intent to distinguish between limited fare omnibus companies and the plaintiffs based upon the factual differences that exist between the two groups.
Defendants claim that the plaintiffs have elected to pursue their administrative remedies by having requested hearings as provided in sections QQ46-6.0 and QQ4-7.0 of the Administrative Code and have not alleged compliance with section 394a-1.0 of the Administrative Code. Defendants point out that between March 10, 1977 and August 22,1979, determinations were issued by the Department of Finance assessing deficiencies of utility tax payments due from the plaintiffs. Plaintiffs filed applications for refunds which were denied and review applications were thereafter filed. Plaintiffs have pending administrative hearings or conferences with the Commissioner of Finance challenging the deficiency assessments and determinations denying refund claims. Defendants argue that all objections to the applicability, legality or constitutionality of these assessments and determinations may be made at said hearings or pursued by article 78 proceedings following exhaustion of plaintiffs’ administrative remedies.
Under the facts and circumstances present herein, plaintiffs need not be restricted to the remedies provided within the taxing statute (Yonkers Raceway v City of Yonkers, 66 Misc 2d 589, affd 30 NY2d 913). The court in Matter of Hospital Tel. Systems v State Tax Comm. (41 AD2d 576, 577), stated the law as follows: “It is well recognized that when a taxing authority’s jurisdiction is challenged on the ground that the statute is unconstitutional or inapplicable, *14 resort need not be had to the method of review prescribed in the taxing statute. (Richfield Oil Corp. v. City of Syracuse, 287 N. Y. 234, 239.) Since petitioner concedes that if the statute applies it owes the amount determined by respondent, there are no issues of fact, but only a question of law. The sole basis of the challenge is that the taxing statute is inapplicable. The requirement in the statute of an application for a hearing before the State Tax Commission applies in cases where it is sought to set aside the assessment on other grounds. Petitioner contends its activities are outside the. scope of the sales tax and seeks, therefore, to prohibit respondent from exceeding its jurisdiction by applying the sales tax law to petitioner’s operation. The administrative remedy provided in section 1138 is clearly inadequate for such purpose, and we conclude that petitioner can properly maintain this article 78 proceeding. We decide no other issues.”
The law herein involved with respect to proving a claim of selective and discriminatory enforcement was recently stated in Matter of Dora P. (68 AD2d 719, 731): “More than 90 years ago, we were taught that constitutional infirmity was established when ordinances, fair on their face, were administered ‘so exclusively against a particular class of persons as to warrant and require the conclusion that, whatever may have been the intent of the ordinances as adopted, they are applied by the public authorities charged with their administration, and thus representing the State itself, with a mind so unequal and oppressive as to amount to a practical denial by the State of that equal protection of the laws which is secured to the petitioners, as to all other persons, by the broad and benign provisions of the Fourteenth Amendment to the Constitution of the United States. Though the law itself be fair on its face and impartial in appearance, yet, if it is applied and administered by public authority with an evil eye and unequal hand, so as practically to make unjust and illegal discriminations between persons in similar circumstances, material to their rights, the denial of equal justice is still within the prohibition of the Constitution.’”
Plaintiffs argue that the necessity of showing intentional conduct by the defendants has been fulfilled when *15 there exists acknowledgement by the defendants that uneven enforcement has existed as to a class that was elected for some reason apart from effective regulation (Matter of 303 West 42nd St. Corp. v Klein, 46 NY2d 686). The court therein stated (p 695): “Ordinarily, however, a strong inference of illicit motive will be all that can be expected because admission of intentional discrimination is likely to be rare; law enforcement officials are unlikely to avow that their intent was to practice constitutionally proscribed discrimination. Proof of intent nevertheless may appear from a convincing showing of a grossly disproportionate incidence of nonenforcement against others similarly situated in all relevant respects save for that which furnishes the basis of the claimed discrimination (cf. Gomillion v Lightfoot, 364 US 339; Yick Wo v Hopkins, 118 US 356, supra). For history teaches that it is by no means to be assumed that motive and disproportionality have to be discrete. The more convincing is the demonstration of the ‘unequal hand’ — the grosser the disparity of enforcement and the greater the similarity between those prosecuted and those not prosecuted — the stronger will be the inference of illicit motive, since conscious discrimination may then stand out as the only reasonable explanation for the pattern of enforcement.”
The plaintiffs have provided the court with legislative memorandum that has been submitted in support of legislation presently before the City Council of the City of New York, which legislation seeks to amend the Administrative Code in order to provide retroactively the exclusion enjoyed by the nonexpress operators prior to 1976. Said memorandum states:
“If this legislation is not enacted, such companies will be subject to the utility tax retroactive to January 1,1976, the effective date of the fare increase to fifty cents authorized by the Board of Estimate.
“In addition,, enactment is requested for the following reason. In December 1980, New York Bus Tours, Inc. and three other omnibus companies commenced an action against the city in the Supreme Court, Bronx County, for tax refunds totaling $1,700,000 and damages in the amount of $1,000,000. The gravamen of the complaint is an *16 allegation of discrimination by the city in the unequal enforcement of its utility tax law. The plaintiffs claim that the city’s enforcement of the tax law against them — but not against six other companies which fell within the law’s present definition of an exempted ‘limited fare omnibus company’ prior to the increase in their fares from thirty five to fifty cents effective January 1,1976 — violates their civil rights. Enactment of the attached legislation shall render the plaintiffs’ claim moot. Consequently, it is important that enactment occur as soon as possible.”
This legislative memorandum appears to constitute a clear admission by the city of the unequal selective application of the utility tax law. The failure to enforce the tax law against these companies when fares were increased to 50 cents amounts to selective discrimination. The intent to discriminate in this manner is evidenced by the proposed legislation supported by the legislative memorandum stated above. This conduct by the defendants also may well violate the civil rights of the plaintiffs as provided in the afore-cited Federal statute (US Code, tit 42, § 1983).
The defendants contend oversimplistically that the question herein posed to this court is whether a delay in auditing and assessing a tax against the plaintiffs constitutes unconstitutional discrimination. The defendants paradoxically argue that plaintiffs’ action is premature and their complaint moot if proposed legislation presently before the City Council is enacted. The delay herein has extended over six years. The legislation does not seek to remedy the plaintiffs’ complaint but rather is intended ex post facto to quash plaintiffs’ meritorious arguments heretofore presented as to defendants’ selective enforcement of law.
This situation is not one of mere mistake or error in judgment by tax officials as urged by the defendants. Plaintiffs have sufficiently established that said selective imposition of this tax is intentional. That said discrimination in auditing and taxing was not due to a mere administrative determination as to allocation of limited resources is evidenced by the legislation before the City Council. The assertion that the reason for not auditing the “nonexpress bus companies was the expectation that their exemption *17 would continue” may well be true; however, our jurisprudence is fortunately built upon laws rather than expectations. Our society relies upon the equal application of the law by its public officials. It is truly incredible that in defense of plaintiffs’ accusations of discrimination, the defendants claim that the taxing authority’s personnel expected that the law would be other than it presently was. Defendants’ arguments strike at the foundation of law and logic.
Plaintiffs have established that there exists herein a justiciable controversy, the determination of which should not await the speculative passage of legislation. Plaintiffs need not await determination of their administrative remedies when as herein the constitutionality of a tax law and its application past, present and future is in issue. There exists under the facts heretofore established a cause of action for damages pursuant to the Federal statute. Pursuant to said statute, plaintiffs may well be entitled to recoupment of moneys paid to the defendants under the utility tax law. The court is unconvinced by defendants’ remaining arguments involving plaintiffs’ failure to comply with Administrative Code provisions.
Accordingly, the court determines that the defendants’ application of the utility tax exclusively to the plaintiffs unlawfully and improperly discriminates against them. The utility tax statute must be equally applied to all those bus companies to which it presently pertains or not at all. Any determination by the City Council of the City of New York to exclude nonexpress bus companies from the tax would appear proper if applied prospectively. Retroactive application of said exclusion would serve only to buttress an unconstitutional discriminatory application of the law, contrary to the reasonable interpretation by the public of the meaning and ramifications of that law as it is presently written.
Summary judgment declaring that the application of the utility tax statute to the plaintiffs exclusively is unconstitutional in that it unlawfully, arbitrarily and capriciously discriminates against the plaintiffs is granted. Defendants are heretofore enjoined from application of said tax unless applied equally and properly to those entities falling *18 within its parameters and in accordance with the court’ decision.