Rabin, J.
Petitioners are officers and directors of a corporation which properly filed its sales tax returns but failed to pay the amounts due. In its efforts to recover the taxes admittedly owing, the respondent State Tax Commission pro *194 ceeded against petitioners individually by serving them with notices of determination and demand for the taxes and holding hearings pursuant to the notices. Claiming that the commission is acting in excess of its statutory authority, petitioners brought this CPLR article 78 proceeding to prohibit administrative action pursuant to the notices. They assert that since the corporation filed correct returns and since there is no dispute as to the amounts owing, the commission lacks authority to employ its administrative procedure. Its remedies for recovery of the taxes from them are claimed to be limited by statute to plenary suit for collection and the warrant procedures set forth in section 1141 of the Tax Law.
The facts are undisputed. Parsons of Glens Falls, Inc., a corporation engaged in the sale and rental of automobiles, duly filed returns for sales taxes it collected for four quarters from December 1, 1968 to November 30, 1969. The Tax Commission does not contest the correctness or sufficiency of the amounts stated to be due on the returns, totaling approximately $90,000. During the period for which the taxes have not been paid, petitioners were all officers or directors of the corporation, which has since sought an adjudication in bankruptcy.
In November of 1970, the respondent served each of the individual petitioners with a “ Notice of Determination and Demand Under Jeopardy for Payment of Sales and Use Taxes Due ” for the full amount of the tax liability. The notices stated that the tax due had beep determined in accordance with section 1138 of the Tax Law. This first notice was canceled and replaced by a second, dated January 20, 1971, again for the full amount of the tax due. This time the notice stated that the named individual was personally liable for the tax under subdivision 1 of section 1131 and section 1133 of the Tax Law. Both notices informed that the tax determination would be final unless an application for a hearing were filed with the commission within 90 days from the date of the notice. All but one of the petitioners requested a hearing.
When the hearings began on March 16,1971, petitioners protested that since the corporation had filed returns containing correct computations of taxes owing, the commission lacked authority both to have issued the notices of determination *195 against them and to conduct administrative hearings pursuant to the notices. The hearings proceeded, however, after the hearing officer stated that he lacked authority to rule on a question of law. Two days later the hearings were adjourned due to illness of counsel for the commission. Petitioners then commenced the instant article 78 proceeding alleging that the commission was acting in excess of its jurisdiction. Petitioners do not assert that the commission lacks power to proceed against them as persons who may be liable for the tax, but only that the method it has employed to recover the tax from them lacks statutory authorization.
Special Term granted petitioners’ motion for summary judgment, canceled the notices of determination and restrained the Tax Commission from continuing the hearings arising from the notices. The court ruled that while the procedure employed by the commission might be worthy of recommendation to the Legislature, there was no present statutory support for it. The Appellate Division reversed, finding authority for the administrative procedure in section 1138 of the Tax Law and in the general powers granted to the commission in subdivision 6 of section 1142, “ [t]o assess, determine, revise and readjust the taxes imposed by this article ”.
We agree with Special Term that the Tax Commission exceeded its statutory authority in proceeding administratively against petitioners after the corporation had filed returns containing correct computations of tax liability. We can find no support in the provisions of the Tax Law relied upon by the commission for the use of its administrative procedure in this case.
The authority granted the commission to assess and collect sales taxes is found in the administrative provisions of part IV of article 28 of the Tax Law (§§ 1131-1148). The commission claims that the use of administrative process against petitioners is sanctioned by the Tax Law (§ 1131, subd. [1]; §§ 1133, 1138, 1142, subd. 6). Inspection of these particular provisions fails to sustain this assertion. Subdivision (1) of section 1131 contains the definition of “ Persons required to collect tax ”. It includes “ any officer or employee of a corporation or of a dissolved corporation who as such officer or employee is under a duty to act for such corporation in complying with any require *196 ment of this article Section 1133, in relevant part, (subd. a) provides that “ [e]very person required to collect any tax imposed by this article shall be personally liable for the tax imposed, collected or required to be collected under this article We do not on this appeal reach the issue of whether petitioners as officers and directors of the corporation at the time the unpaid taxes were required to be collected are “ persons required to collect tax ” as defined in subdivision (1) of section 1131 and therefore personally liable by virtue of subdivision (a) of section 1133. We consider only the proper remedies available to the commission to recover taxes from such persons and note that neither subdivision (1) of section 1131 nor section 1133 of the Tax Law empowers the commission to issue notices of determination and hold hearings pursuant to those notices.
The sole provision for the administrative procedure which the commission seeks to employ against petitioners is contained in section 1138. That section authorizes the commission to determine the amount of tax due, notify the persons it deems liable and conduct hearings if requested — but only in two specified circumstances, neither of which is present in this case. Subdivision (a) of section 1138 authorizes the administrative procedure “ [i]f a return required by this article is not filed, or if a return when filed is incorrect or insufficient ”. As previously indicated, correct and sufficient returns for the amounts owing were duly filed by the corporation.
The second situation in which the administrative procedure is authorized is set forth in subdivision (b) of section 1138. It provides that “ [i]f the tax commission believes that the collection of any tax will be jeopardized by delay it may determine the amount of such tax and assess the same * * * against any person liable therefor prior to the filing of his return and prior to the date when his return is required to he filed ” (emphasis added). In this case, while the likelihood of delay in collecting the tax may have been apparent to the commission, the required tax returns had been timely filed by,the corporation almost a year before the notices of determination and demand were issued against petitioners. Thus the condition of subdivision (b) which we have italicized is absent. We read this italicized language as limiting the power of the commission to those cases in which the assessment occurs before the *197 filing, or due date for filing, of the return. Had the Legislature intended the procedure of section 1138 to be available to the commission whenever delay in tax collection was believed threatened — either before or after the filing of a. return — it surely would have chosen a clearer method of expression. We must conclude that petitioners are not within the purview of section 1138.
Finally, we are not persuaded that the commission’s procedure in this case is authorized by its general power, provided in subdivision 6 of section 1142 of the Tax Law, to “ assess, determine, revise and readjust the taxes imposed by [article 28] By its gfeneral grant of authority to “ assess ” or “ readjust ” sales taxes imposed by article 28, we do not believe that the Legislature intended to extend the commission’s authority to employ the procedures of section 1138 beyond the bounds of that section.
We conclude this for several reasons. First, section 1138 specifies two situations in which the administrative procedure is appropriate. No others are mentioned and no intention to include others is discernable from the language of the section. In view of the specificity of the section’s provisions, it will not be inferred that the outlined procedure was intended to apply to situations not mentioned. The general powers of subdivision 6 of section 1142 do not permit the commission to expand its own administrative jurisdiction.
Secondly, we note that section 1138 contains a strict condition precedent to judicial review of the commission’s posthearing determination. The party seeking review is required to first deposit with the Tax Commission the amount of tax sought, tó be collected, with penalties and interest, together with an undertaking to cover the costs and charges of the proceeding if ultimately dismissed or if the tax is confirmed, or, alternatively, one undertaking must be deposited sufficient to cover those same taxes, penalties, interest, costs and charges. Thus the consequence of the commission’s use of its administrative procedure is to require a taxpayer to post an undertaking in order to obtain judicial review of an adverse determination. The courts will not extend this exacting prerequisite to judicial review by implication to situations, such as the present, in which the Legislature has not expressly prescribed it.
*198 The commission’s argument that its administrative remedy is fair, practical and prompt does not furnish grounds for sustaining it in the absence of support in the terms of the Tax Law. We must take the language of the statute as we find it. If one method of collection is prescribed for certain circumstances, the courts will not permit its extension by implication to other circumstances on the theory that the Legislature might just as well have chosen it. (Cf. People ex rel. Studebaker Corp. v. Gilchrist, 244 N. Y. 114, 126.)
Thirdly, where the circumstances specified in section 1138 of the Tax Law are not present, the commission is not without recourse against persons it believes liable. Specific provision for recovery of taxes is made in section 1141. Subdivision (a) thereof empowers the Attorney-General, upon request of the Tax Commission, to bring an action to enforce payment in any court of New York, or of another State or of the United States “ [w] hen ever any person required to collect tax shall fail to collect or pay over any tax ”. Subdivision (b) contains a warrant procedure directed against the property of “ any person liable for the tax ”. These are the remedies available to the commission in its efforts to recover the outstanding taxes from petitioners. The commission’s claims that restricting it to these statutorily prescribed procedures will unreasonably burden its tax collection efforts and substitute the Supreme Court for its own hearing unit should be addressed to the Legislature. The convenience of this procedure to the commission in its administration of the Tax Law is not grounds for implying the power to utilize it (Saltser & Weinsier v. McGoldrick, 295 N. Y. 499, 506) particularly where other remedies are available to collect the tax. In deciding for petitioners, we restrict the Tax Commission only to those powers which are conferred upon it by the clear import of the terms of the statute.
Accordingly, we reverse the order of the Appellate Division and reinstate the order of Special Term, without costs.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Stevens concur.'
Order reversed, without costs, and judgment of Supreme Court, Albany County, reinstated.