John T. Casey, J.
The plaintiff seeks a temporary injunction within the framework of his action for a declaratory judgment to restrain the defendant, the State of New York (the only party named defendant), and its agent, the State Tax Commission (not a named party) from proceeding against him personally to collect the sum of $54,436.80 assessed against him as "a person who was required to collect sales and use taxes” for a corporation, Central New York Equipment Co., Inc. which has been adjudicated a bankrupt as of September 4, 1969 and of which the plaintiff was president. The complaint alleges that the corporation transferred its accounts, inventories and other assets to Ingersoll-Rand Corp. under security liens and factoring agreements thereby relieving the plaintiff from any such liability. The only notice the plaintiff says that he received of the assessment was "a notice and demand for payment of sales and use taxes due” which fixed the amount without affording him an opportunity to be heard despite his request therefor. The notice was followed by a subpoena dated April 28, 1975 which, in substance, requires the plaintiff to appear and explain how the assessed amount will be paid by him personally under penalty of contempt and it is this enforcement proceeding which the plaintiff seeks to restrain in this motion, not only on the grounds of his nonpersonal liability but also because of his personal adjudication of bankruptcy on January 20, 1972.
The defendant, the State of New York, has failed to answer the plaintiff’s motion on the merits. Rather, it cross-moves for a dismissal of the action and the motion, (1) for failure by the plaintiff to show any need for injunctive relief; (2) for failure to sue the Tax Commission, an indispensible party; and (3) for failure to bring an article 78 proceeding which the defendant contends is the exclusive remedy provided in sections 1138 and 1140 of the Tax Law.
*183 In reply, the plaintiff agrees that the proceeding should be converted to one in the nature of an article 78 proceeding.
Section 1138 of the Tax Law has no applicability when returns are filed and the computation of tax liability is not disputed. (Matter of Parsons v State Tax Comm., 34 NY2d 190.) Moreover, there are no administrative procedures provided in subdivision (1) of section 1131 of the Tax Law nor in section 1133 empowering the Tax Commission to hold hearings to determine the persons personally liable as persons required to collect tax (Matter of Parsons v State Tax Comm., supra) so any administrative proceeding would be inappropriate.
Despite the provisions of the taxing statute sections (1138 and 1140) providing that the method of judicial review by article 78 is exclusive, where the jurisdiction of the taxing authority is challenged on the ground that the statute is unconstitutional (it is not) or inapplicable (which is what the plaintiff wants determined) an action for a declaratory judgment is proper. (See Richfield Oil Corp. v City of Syracuse, 287 NY 234, 239 and Matter of Hospital Tel. Systems v New York State Tax Comm., 41 AD2d 576.)
Having concluded that the action is proper in form as a declaratory judgment, it must next be determined whether such action must be dismissed for failure to name the Tax Commission a party defendant. If the proceeding were considered in the nature of an article 78, the Tax Commission as the administrative agency making the determination would be required to be named a party defendant. (See Matter of Patchogue Scrap Iron and Metal Co. v Ingraham, 57 Misc 2d 290.)[1] A declaratory judgment action, however, brought against the State does not have to be dismissed for failure to name the Tax Commission a party defendant. (See Hunterfly Realty Corp. v State of New York, 62 Misc 2d 567, 569 and Hallock v State of New York, 32 NY2d 599.)
Therefore, this court decides that the factual question of whether or not this plaintiff is personally liable as a "person required to collect taxes” on behalf of Central New York Equipment Co., Inc. for the tax assessment must be decided in the plaintiff’s declaratory judgment action as an issue of fact and the defendant State is ordered to answer the action *184 within 10 days of the date of the order herein with notice of entry. If this question be decided against the plaintiff in such action then the State through the Tax Commission may commence proceedings under section 1141 of the Tax Law to recover such tax against this plaintiff. Until such decision is made, however, the plaintiff is entitled to a preliminary injunction restraining the collection of the taxes against him personally.

. If this court granted the plaintiffs request to convert this proceeding to one for article 78 relief it would be required to dismiss it.