■ JACK GAGE, Respondent, v STATE TAX COMMISSION, Appellant. In the Matter of the STATE TAX COMMISSION, Respondent, v JACK GAGE, Appellant.—In a proceeding, *inter alia,* to vacate a warrant issued by the State Tax Commission against Jack Gage, and to permanently enjoin the commission from issuing or reissuing said warrant, the commission appeals from an order of the Supreme Court, Queens County, dated January 24, 1979, which,

*inter alia,* converted the proceeding into an action for a declaratory judgment and granted a preliminary injunction. Order reversed, on the law, without costs or disbursements, motion for a preliminary injunction denied and proceeding dismissed. The principal question is whether the commission exceeded its statutory authority when it imposed *personal liability* on Jack Gage for the taxes of the corporation of which he was an officer. We conclude that it did not. The administrative provisions by which the commission assesses and collects sales taxes are found in sections 1131 through 1148 of the Tax Law. Pursuant thereto the commission sent Gage a notice of determination and demand for payment, dated August 21, 1972, of sales taxes owed by the corporation "of which the taxpayer is an officer". That notice advised the recipient that "This determination shall be final unless an application for a hearing is filed with the State Tax Commission within 90 days from the date of this notice or unless the Tax Commission shall redetermine the tax." This was in accord with section 1138 of the Tax Law. Gage concedes that he received the notice. He did not request a hearing. The commission filed a warrant in Queens County in June, 1974 (see Tax Law, § 1141, subd [b]), and executed upon the warrant thereafter. Gage then moved, by order to show cause, to vacate and annul the warrant and to permanently restrain the commission from reissuing the warrant. The commission opposed the motion and sought dismissal of the proceeding on the ground that the liability of the corporation extended to officers of the corporation. The statute provides that " 'Persons required to collect tax' * * * shall * * * include any officer or employee of a * * * dissolved corporation who as such officer or employee is under a duty to act for such corporation in complying with any requirement of this article" (Tax Law, § 1131, subd [1]). "Every person required to collect any tax imposed by this article shall be personally liable for the tax imposed, collected or required to be collected under this article" (Tax Law, § 1133, subd [a]). In its papers, the commission included a letter to it from Gage accompanying a late-filed tax return, in which Gage described the reasons for the late filing and asked that any late fees be waived. The letter is signed, "Jack Gage, Pres." Special Term converted the matter into a declaratory judgment action. It granted a preliminary injunction and vacated the warrant pending a determination of the action. Relying upon *Matter of Parsons v State Tax Comm.* (34 NY2d 190), Special Term held that an administrative determination of Gage's personal liability for the taxes was not authorized by the statutes and that a hearing was required to determine whether he was personally liable. *Parsons* is inapposite. In that case, the petitioners were officers of a corporation that had properly filed its sales tax returns and there was no dispute about the amount. It had not, however, paid the amount due. Section 1138 of the Tax Law was held to be not available to the commission on those facts. The section is triggered "If a return required * * * is not filed, or if a return when filed is incorrect or insufficient" (Tax Law, § 1138, subd [a], par [1]). Here the returns were not filed; the section is applicable. We distinguish three cases where declaratory judgments were held procedurally correct and in which the plaintiffs sought a declaration that they were not personally liable for taxes owed by corporations of which they were or had been officers. In each of those cases, hearings had been requested by the plaintiffs and denied by the commission; furthermore, each plaintiff alleged facts to show why he was not a person required to collect or pay over the sales or use taxes (see *Vogel v New York State Dept. of Taxation & Fin.,* 98 Misc 2d 222; *Chevlowe v Koerner,* 95 Misc 2d 388; *Stacy v State of New York,* 82 Misc 2d 181). The present case is distinguished both by Gage's failure to

have requested a hearing and the omission of any factual allegations of why he is not a person who was required to act for the corporation. We note that such allegations might be difficult to credit in the face of the letter sent by Gage to the commission with the late tax return. Damiani, J. P., Gulotta, Cohalan and Margett, JJ., concur.