OPINION of the court
Con. G. Cholakis, J.
Petitioner is the president of Bison Chrysler Plymouth, Inc. (Bison), an automobile dealership which conducted business until March 31, 1981. Bison was responsible for the collection of the sales and compensating use taxes imposed by sections 1105 and 1110 of the Tax Law (see Tax Law, § 1131, subd [1]).
Upon Bison’s failure to remit these taxes, respondent determined that it was responsible for $319,841.18 in sales taxes and $260.47 in compensating use taxes for the period December 1, 1976 through November 30, 1979. These figures are subject to interest and penalty and are not disputed by Bison or the petitioner. Respondent further determined that petitioner was personally responsible for the sales tax portion of Bison’s assessment. It is this latter determination that is presently under attack.
*616 Petitioner seeks an order prohibiting the respondent from proceeding administratively against him and also vacating, setting aside and canceling any and all tax warrants and/or assessments filed by respondent. It is petitioner’s position that respondent did not have the authority to take the challenged steps.
The present special proceeding (CPLR art 78) raises several issues which must be addressed. Respondent’s determination that petitioner is personally liable in this matter is contained within a “Notice of Demand for Payment of Sales and Use Taxes Due” dated April 18, 1980 which it alleges was mailed to petitioner on the same day. Petitioner denies that he ever received the notice. The notice states that the tax assessed was determined in accordance with subdivision (a) of section 1138 of the Tax Law and that petitioner was determined to be personally liable pursuant to subdivision (1) of section 1131 and section 1133 of the Tax Law.
These latter two sections specifically provide that “every person required to collect [sales and compensating use taxes] * * * shall be personally liable for the tax imposed” (§ 1133, subd [a]; emphasis supplied) and “‘[p]ersons required to collect [sales and compensating use taxes]’ * * * shall include: every vendor of tangible personal property or services * * * [and] any officer or employee of a corporation or of a dissolved corporation who as such officer or employee is under a duty to act for such corporation in complying with any [sucK\ requirement”. (§ 1131 , subd [1]; emphasis supplied.)
It is therefore clear that Bison and any officer of Bison who is under a duty to act for the corporation in complying with the Tax Law are responsible for any unpaid taxes. It is the method of determining petitioner’s liability that must be considered.
The notice referred to earlier stated that the tax assessment was made pursuant to subdivision (a) of section 1138 of the Tax Law.
That section of the Tax Law authorizes the tax commission to determine the amount of taxes only if a tax return required by section 1136 of the Tax Law has not been filed *617 or, if filed, it is incorrect or insufficient. (.Matter of Parsons v State Tax Comm., 34 NY2d 190, 196.) In this proceeding petitioner alleges, in rather conclusory terms, that proper returns were timely filed. He does not tell us when they were filed or what they contained, and he does not furnish a copy of them. Respondent alleges that the tax assessment was the result of a field audit and supports its allegation with a field audit report.
An issue of fact is therefore raised which cannot be decided on the submitted papers.
Assuming, but not holding, that tax returns were not filed or incorrect or insufficient returns were filed, the tax commission was authorized “to determine the amount of tax due, notify the persons it deems liable and conduct hearings if requested” (Matter of Parsons v State Tax Comm., supra, at p 196). While Parsons might have left the question of whether the tax commission could decide the liability of a corporate officer in doubt, the Appellate Division of the Third Judicial Department said “[t]he unmistakable implication of Parsons, however, is that if [a] corporation had filed incorrect returns, then the administrative remedies authorized by section 1138 could properly be utilized by the State Tax Commission against the corporate officers and directors” (Arthur Treacher’s Fish & Chips v New York State Tax Comm., 69 AD2d 550, 553; emphasis supplied). In a later case the Appellate Division of the Second Judicial Department specifically held that a corporate officer’s liability can be determined within the framework of a section 1138 proceeding (Gage v State Tax Comm., 73 AD2d 635).
It is therefore this court’s opinion that if Bison had not filed tax returns for the periods in question or had filed incorrect or insufficient returns, the tax commission had the authority to determine Bison’s tax and further to determine petitioner’s liability for that tax. The commission claims to have done so and, as earlier stated, also claims to have notified petitioner by a notice mailed to him on April 18, 1980. Petitioner had 90 days after receiving notice of the commission’s determination to request a hearing and if he failed to do so the commission’s determination would be final and binding.
*618 Petitioner however claims that he never received notification of respondent’s determination until additional assessments were delivered to his attorney on July 6, 1981. (These additional assessments were issued on March 10, 1981 and May 19, 1981.) It is established that a hearing was thereafter timely requested. Upon discovering that these later assessments duplicated, in part, the assessment of April 18, 1980, respondent canceled them and the requested hearing is apparently being held in limbo. If there were nothing more, the court would dismiss the proceeding and remand the matter to the commission to determine whether petitioner is entitled to a hearing and, if he is, to determine his liability.
Because the court is unable to determine whether Bison filed correct tax records we must discuss the commission’s power if correct returns had been filed.
The respondent alleges that it had the authority to determine petitioner’s liability even if correct returns had been filed. It alleges that the recent enactment of subdivision 21 of section 171 of the Tax Law removes the infirmity found in Parsons (supra).
This court disagrees.
The new subdivision provides an aggrieved taxpayer the absolute right to request a hearing to review his liability. In this court’s judgment this only removes one of the problems found in Parsons (supra). In that case the Court of Appeals stated “that neither subdivision (1) of section 1131 nor section 1133 of the Tax Law empowers the commission to issue notices of determination and hold hearings pursuant to those notices”. (Matter of Parsons v State Tax Comm., supra, at p 196; emphasis supplied.)
Neither of these sections has been amended to grant the commission the power to issue notices of determination, a power the Court of Appeals said it did not have if proper returns had been filed. There is no authority for the commission to administratively determine petitioner’s personal liability except within section 1138 and if proper tax returns have been filed that section has no effect and the commission exceeded its authority.
*619 Respondent’s position that this proceeding has not been timely commenced must be determined as well as the question of whether proper returns were timely filed.
In order to determine whether this proceeding has been timely commenced it is necessary to factually determine whether petitioner received any of the notices respondent alleges were mailed to him prior to delivering copies of the assessments to petitioner’s attorney on July 6, 1981. In order to determine whether proper returns were timely filed it must be determined whether they were filed before respondent’s field audit and, if they were, whether they fully and accurately set forth the tax due.
This proceeding is transferred to Trial Term (CPLR 7804, subd [h]; 22 NYCRR 862.5) to determine the following questions:
(1) Was this proceeding timely commenced? and,
(2) Did Bison timely file correct and complete tax returns?
If either question is answered in the negative the petitioner shall not be entitled to the relief he requests.
If both questions are answered in the affirmative the petitioner shall be entitled to the relief he requests.
Until such time as this proceeding is finally determined the respondent is stayed from asserting any remedies it may feel it has against the petitioner except those contained within subdivision (a) of section 1141 of the Tax Law.
In the event it is determined that correct and complete tax returns were not timely filed, the commission may consider whether a timely request for a hearing had been filed and, if it was, complete the administrative process.