*2 OPINION OF THE COURT
Harold J. Hughes, J.
Plaintiff seeks a preliminary injunction restraining defendants from issuing or filing any tax warrants against him or taking any steps to enforce his alleged tax liability arising from the notices of assessment annexed to the complaint, and staying all further administrative proceedings pending the final determination of this action. Defendants move for an order dismissing the complaint for failure to state a cause of action and for failure to exhaust administrative remedies.
The complaint, the factual allegations of which must be deemed to be true for purposes of this motion (Rovello v Orofino Realty Co., 40 NY2d 633), alleges that plaintiff resides in Schenectady and since 1978 has been a shareholder of PJG Gasoline, Inc., the operator of a gasoline service station. It is alleged that on November 18,1983 the Department of Taxation and Finance issued two assessment notices addressed to plaintiff demanding payment of $185,619.65 for sales and use taxes owed by PJG Gasoline, Inc., for the period from June, 1978 through August, 1983. The assessment notices were purportedly issued in accordance with subdivision (1) of section 1131 and section 1133 of the Tax Law on the ground that plaintiff was a responsible officer of the corporate taxpayer personally liable for the payment of the corporation’s sales taxes. Section 1133 provides in pertinent part that “every person required to collect any tax imposed” pursuant to article 28 of the Tax Law “shall be personally liable for the tax imposed, collected or required to be collected” and subdivision (1) of section 1131 provides that the persons required to collect the tax imposed under section 1133 “include any officer or employee of a corporation * * * who as such officer or employee is under a duty to act for such corporation in complying with * * * this article”. Plaintiff alleges that prior to receipt of the assessment notices he was given no notice or hearing with respect to his purported liability as a responsible officer of the corporate taxpayer. As to plaintiff’s relationship with the corporation, the complaint alleges:
*3 1. plaintiff has never been an officer or employee of the corporation;
2. plaintiff has never had any involvement with the financial affairs of the corporation;
3. plaintiff has never had an involvement with the management of the corporation;
4. plaintiff has never participated in the daily operation of the corporation;
5. plaintiff has never been advised of the financial affairs, management or daily operations of the corporation;
6. plaintiff has never prepared, filed or signed any tax returns for the corporation;
7. plaintiff has never been a signatory on any bank accounts maintained by the corporation;
8. plaintiff never had authority to hire or discharge employees of the corporation;
9. plaintiff never had authority to direct which creditors of the corporation should be paid;
10. plaintiff has never received any share of corporate profits or any other financial benefits of the corporation;
11. plaintiff’s sole financial dealings with the corporation were limited to his initial investment for certificates of stock and numerous short-term loans made to the corporation, only some of which have been repaid.
The complaint alleges that the statutes relied upon by defendants are not applicable to the plaintiff and he would be irreparably harmed if forced to resort to the purported administrative remedy, since in the event of an adverse administrative determination he could not obtain judicial review in a CPLR article 78 proceeding until he had either paid the tax or posted an undertaking (see Tax Law, § 1138). At Special Term plaintiff argued that he was financially unable to pay the tax or post an adequate undertaking, and a declaratory judgment was the only remedy that would avoid his financial ruin.
In seeking dismissal of the complaint defendants argue that since no sales tax returns were ever filed, the Tax Commission had the right under subdivision (a) of section 1138 of the Tax Law to determine the amount of the tax *4 due and to give notice of that determination “to the person liable for the collection or payment of the tax”. Defendants argue that the statutory authority to determine the amount of tax due also includes the concomitant power to determine who is liable for the tax. Defendants argue that under the statute the person against whom the tax is assessed has the right to apply to the Tax Commission for an administrative hearing and, upon an adverse administrative determination, to commence an article 78 proceeding after paying the taxes assessed or the giving of an undertaking. Defendants assert that under section 1140 of the Tax Law, article 78 is the exclusive remedy since that statute states “no determination or proposed determination of tax or determination on any application for refund shall be enjoined or reviewed by any action for declaratory judgment, an action for money had and received, or by any action or proceeding other than a proceeding under article seventy-eight of the civil practice law and rules”. In Matter of Parsons v State Tax Comm. (34 NY2d 190) the Court of Appeals held that when a corporation had timely filed returns containing correct computations of its tax liability, the Tax Commission could not proceed administratively to determine if individual corporate officers or directors were “persons required to collect tax” under subdivision (1) of section 1131 of the Tax Law, but rather had to contest that issue in a judicial proceeding brought under section 1141. One of the major concerns of the Court of Appeals was: “we note that section 1138 contains a strict condition precedent to judicial review of the commission’s posthearing determination. The party seeking review is required to first deposit with the Tax Commission the amount of tax sought to be collected, with penalties and interest, together with an undertaking to cover the costs and charges of the proceeding if ultimately dismissed or if the tax is confirmed, or, alternatively, one undertaking must be deposited sufficient to cover those same taxes, penalties, interest, costs and charges. Thus the consequence of the commission’s use of its administrative procedure is to require a taxpayer to post an undertaking in order to obtain judicial review of an adverse determination. The courts will not extend this exacting prerequisite to judicial review by implication to situations, such as the present, in which the Legislature *5 has not expressly prescribed it” (Matter of Parsons v State Tax Comm., 34 NY2d 190, 197, supra).
Thus the Court of Appeals recognized the onerous burden of having to pay the tax or post an undertaking prior to being permitted judicial review and held that the procedure should not be extended beyond the express situations described in section 1138. It has been held that “the deposit and undertaking requirements of section 1138 (subd [a], par [4]) of the Tax Law are constitutional” (Matter of Top Tile Bldg. Supply Corp. v New York State Tax Comm., 94 AD2d 885, 886). Moreover, three Justices of the Third Department have stated their view that, “The unmistakable. implication of Parsons, however, is that if the corporation had filed incorrect returns, then the administrative remedies authorized by section 1138 could properly be utilized by the State Tax Commission against the corporate officers and directors” (Treacher’s Fish & Chips v New York State Tax Comm., 69 AD2d 550, 553). Mr. Justice Cholakis has interpreted the foregoing language as authorizing the Tax Commission, when a corporation fails to file tax returns, to determine the amount of the corporation’s tax and to further determine whether any corporate officers or directors are personally liable for payment of the tax (Matter of Mosey v New York State Tax Comm., 112 Misc 2d 615, 617). In Matter of State Tax Comm v Gage (73 AD2d 635) the Second Department generally agreed with the Third Department’s interpretation of Matter of Parsons v State Tax Comm. (34 NY2d 190, supra), but indicated that there were situations in which a plaintiff could make such a. factual showing as to entitle him to a declaratory judgment as to whether he was personally liable for taxes owed by a corporation (it does appear that in the three lower court cases cited by the Second Department, returns had been filed). In view of the foregoing cases it would be a simple matter to conclude that since no returns were filed by the corporation in this case, the Tax Commission had statutory authority to determine that plaintiff was a corporate officer liable for the taxpayer’s unpaid taxes and to proceed administratively against him. However, the court reaches a different result.
Initially, it appears that the precise situation presented here, i.e., the Tax Commission proceeding administra *6 tively against a corporate shareholder after default by the corporation in filing returns or paying taxes, has never been definitively determined within the context of the powers granted to the Tax Commission under section 1138. Dicta should not determine such an important issue. Analysis begins with the point that the Court of Appeals has expressed its abhorrence of the administrative procedure requiring a taxpayer to post an undertaking or pay the tax in order to obtain entry to the judicial system, and directed that “[t]he courts will not extend this exacting prerequisite to judicial review * * * to situations * * * in which the Legislature has not expressly prescribed it” (Matter of Parsons v State Tax Comm., supra, p 197). The issue is whether the Legislature, through the language of section 1138 (subd [a], par [1]), has expressly given the Tax Commission the authority to administratively determine that an officer or an employee of a corporation is a “person required to collect any tax” as defined in subdivision (1) of section 1131 and, thus, be personally liable for the payment of the taxes under subdivision (a) of section 1133. In Stacy v State of New York (82 Misc 2d 181, 183), Mr. Justice Casey stated that “there are no administrative procedures provided in subdivision (1) of section 1131 of the Tax Law nor in section 1133 empowering the Tax Commission to hold hearings to determine the persons personally liable as persons required to collect tax”. This court shares that view that any authority for the Tax Commission to make such a determination must be found in the language of section 1138 (subd [a], par [1]) which provides: “If a return required by this article is not filed, or if a return when filed is incorrect or insufficient, the amount of tax due shall be determined by the tax commission from such information as may be available. If necessary, the tax may be estimated on the basis of external indices, such as stock on hand, purchases, rental paid, number of rooms, location, scale of rents or charges, comparable rents or charges, type of accommodations and service, number of employees or other factors. Notice of such determination shall be given to the person liable for the collection or payment of the tax. Such determination shall finally and irrevocably fix the tax unless the person against whom it is assessed, within ninety days after *7 giving of notice of such determination, shall apply to the tax commission for a hearing, or unless the tax commission of its own motion shall redetermine the same.”
Thus, the statute gives the Tax Commission certain authority in the event that returns are not filed, or are incorrect or insufficient. The power expressly given is to fix the amount of the tax due. The Commission is given specified factors that it may consider in determining the amount of tax due. It is then directed by the statute to give notice of that determination to the person “liable for the collection or payment of the tax”. There is no express language in the statute authorizing the Tax Commission to administratively determine who is the person liable for the collection or payment of the tax. Certainly, if the Legislature had intended to grant that power it could have used language similar to that giving the Tax Commission the authority to determine the amount due and could have included specific factors for the Commission to consider in reaching its determination. Under the admonition of the Court of Appeals in Matter of Parsons v State Tax Comm. (34 NY2d 190, supra) that any extension of section 1138 must be expressly set forth in the statute, this court is not free to find implied authority for the Commission to administratively determine whether a corporate officer or employee is a person required to collect taxes owed by the corporation.
The danger of construing the statute so as to give the Tax Commission the administrative authority to make such determination is readily apparent. Suppose the General Electric Company failed to file a sales tax return. Under the defendants’ interpretation of the statute, the Tax Commission could obtain a list of stockholders and make an ex parte administrative determination that each of those stockholders was a “person required to collect tax” and thus personally liable for General Electric’s sales tax. Each of the stockholders would then have to proceed administratively before the Commission. If the Commission made a determination adverse to the individual stockholders, no doubt many would never be able to obtain judicial review since they would be financially unable to pay the amount of sales tax owed by General Electric Company, or *8 to secure an undertaking in lieu thereof. Absent judicial review, the administrative determination is final. Admittedly the foregoing illustration is extreme, but often the extreme must be examined in order to determine the soundness of a legal proposition. Moreover, the illustration is, perhaps, not as extreme as the facts of this case where the defendants have determined that the plaintiff is liable for approximately $186,000 in sales and use taxes owed by PJG Gasoline, Inc., when his only connection with that corporation is that he gave $3,360 to Glenn Milliman, the principal behind PJG, to operate a gasoline station, in return for 48 shares of stock and thereafter made other loans to the corporation. Under the facts of this case the court will apply the general rule that “[a] declaratory judgment action may be used to challenge the applicability * * * of a taxing statute without exhausting the administrative remedies the taxing authority may provide” (National Merchandising Corp. v New York State Dept. of Taxation & Fin., 63 AD2d 785, 786) and .permit this litigation to proceed to a determination on the merits. Injunctive relief is appropriate to preserve the status quo since it appears likely that plaintiff will succeed on the merits and would be irreparably injured if the defendants were allowed to proceed against him administratively.
The motion of plaintiff for a preliminary injunction will be granted, and the cross motion of defendants for an order dismissing the action for failure to state a cause of action and for failure to exhaust administrative remedies will be denied, all without costs. The injunction will issue on condition that plaintiff file an undertaking in the sum of $250.