JAY HORNER, Respondent, v STATE OF NEW YORK et al., Appellants.

Third Department, February 21, 1985

**APPEARANCES OF COUNSEL**

*Robert Abrams, Attorney-General (Wayne L. Benjamin* and *William J. Kogan* of counsel), for appellants.

*Herzog, Nichols, Engstrom & Koplovitz, P. C. (James M. Reilly* and *Marjorie A. Brown* of counsel), for respondent.

**OPINION OF THE COURT**

CASEY, J.

Plaintiff's complaint in this declaratory judgment action alleges: that he is the owner of 48 shares of the 200 authorized and issued shares of corporate stock of PJG Gasoline, Inc.; that he was not an officer of that corporation from 1978 to 1983, the period covered by the tax assessment herein; that he has never been an employee of the corporation; that his only other connection with the corporation during the years in question was several short-term loans that he made to the corporation, some of which still remain unpaid; and that he has not otherwise been

involved in either the operation or management of the corporation in any way. The complaint was prompted by plaintiff's receipt from the Department of Taxation and Finance of two notices of determination and demand for payment of sales and use taxes on November 18, 1983, in the amount of $185,619.65, covering the period from June 1978 through August 1983 and seeking to hold plaintiff personally liable for the payment thereof pursuant to Tax Law § 1131 (1) and § 1133, in accordance with Tax Law § 1138 (a). These notices further informed plaintiff that the determination could be challenged by filing a petition within 90 days under Tax Law § 1138.

Plaintiff declined administrative review, commenced this declaratory judgment action and moved at Special Term for a preliminary injunction to restrain the Department from assessing or attempting to collect the taxes from him personally. Plaintiff elected to proceed in this manner, contending that an appeal from an adverse administrative hearing determination would require his posting a bond in the amount of $185,619.65, plus interest, penalties and charges, in comparison to his original corporate investment of only $3,360. Prior to service of their answer, defendants moved for dismissal of the complaint for failure to state a cause of action and failure to exhaust administrative remedies. Special Term denied defendants' motion and granted plaintiff's motion for a preliminary injunction (125 Misc 2d 1).

The critical issue is whether the administrative procedures for review are exclusive, prohibiting plaintiff from maintaining this declaratory judgment action. We hold that in these circumstances plaintiff has a right to resort to declaratory judgment relief and, accordingly, affirm Special Term. The allegations of the complaint, accepted as true, which at this stage of the action they must be (*Rovello v Orofino Realty Co.,* 40 NY2d 633), would, if sustained, put plaintiff beyond the authority of respondents under the Tax Law. It has been held that when the taxing authority's jurisdiction is challenged as unconstitutional or as inapplicable, as herein, review in a manner other than that prescribed in the tax statute is appropriate (*Slater v Gallman,* 38 NY2d 1, 4; *Matter of First Natl. City Bank v City of N. Y. Fin. Admin.,* 36 NY2d 87, 92-93; *cf. Matter of Cooper v Tully,* 79 AD2d 757).

Authorities relied on by respondents, such as *Matter of State Tax Commn. v Gage* (73 AD2d 635), *Matter of Mosey v New York State Tax Commn.* (112 Misc 2d 615) and *Harcel Liqs. v Evsam Parking* (61 AD2d 967, 968, *affd* 48 NY2d 503), are inapposite.

These cases are concerned with admitted corporate officers or employees who contested the amount of the tax imposed, or with those who availed themselves of the administrative procedures and review of the Tax Law to determine if, as such officers or employees, they are under a duty to act for their corporations. Herein, we deal with a plaintiff who contends that he is an outsider to all corporate control, management and operation. His contentions render the doctrine of exhaustion of administrative remedies inapplicable and permit his action for declaratory relief (*Matter of Hospital Tel. Sys. v New York State Tax Commn.*, 41 AD2d 576).

Having so concluded, it follows that Special Term was also correct in granting plaintiff a preliminary injunction to restrain defendants from taking any action under the provisions of the Tax Law to collect the taxes they claim are due. Without the injunction, the status quo would be upset; plaintiff would be required to post an undertaking in the amount of the tax sought to be collected, with penalties and interest plus the costs and charges of the proceeding, to obtain judicial review if he was unsuccessful administratively. In view of his allegations, plaintiff should not be required to proceed only in an administrative way (*see, Matter of Parsons v State Tax Commn.*, 34 NY2d 190). The order of Special Term should, in all respects, be affirmed.

MAHONEY, P. J., MAIN, YESAWICH, JR., and LEVINE, JJ., concur.

Order affirmed, with costs.