■ ROBERT INSERILLO, Respondent, v STATE TAX COMMISSION OF THE STATE OF NEW YORK, Appellant.—In an action for a judgment declaring that the defendant State Tax Commission of the State of New York acted in excess of its statutory jurisdiction in determining that the plaintiff is personally liable for certain sales and use taxes, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Cohalan, J.), entered March 4, 1988, as denied its

motion pursuant to CPLR 3211 (a) (5) to dismiss the action as barred by the applicable Statute of Limitations.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion is granted, and the complaint is dismissed.

On May 30, 1980, and on September 24, 1980, the defendant notified the plaintiff that he was personally liable as officer of Porsche-Audi of Queens, Inc., for certain taxes the defendant determined to be due. By notices dated September 24, 1980 and March 27, 1981, respectively, the defendant sent to the plaintiff "Notices of Determination and Demand for Payment of Sales and Use Tax Due." In these notices the defendant advised the plaintiff that he could challenge its determinations through the hearing process by filing a petition within 90 days. The plaintiff failed to do so. On May 23, 1981, and on April 24, 1986, respectively, the defendant filed warrants against the plaintiff at the County Clerk's office in Suffolk County based on its determinations. The plaintiff commenced the instant action in June 1987. He essentially argues that the defendant lacked the statutory authorization (see, Matter of Parsons v State Tax Commn., 34 NY2d 190) to make the determination and assessments it made and to file the warrants against him. However, these acts are essentially administrative and ministerial duties imposed upon the defendant by the Legislature. If the performance of these duties is to be judicially reviewed, a proceeding pursuant to CPLR article 78 is the appropriate vehicle for so doing (see, SJL Realty Corp. v City of Poughkeepsie, 133 AD2d 682).

We find that since the issues presented in this declaratory judgment action could have been raised in a proceeding pursuant to CPLR article 78, the four-month Statute of Limitations is applicable and the instant action is time barred (see, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193; Solnick v Whalen, 49 NY2d 224; Koeppel v Wachtler, 141 AD2d 613). Mangano, J. P., Kunzeman, Eiber and Harwood, JJ., concur.