■ SHERWOOD VILLAGE COOPERATIVE SECTION "B", INC., Ap-

pellant, v CITY OF NEW YORK, Respondent.—In an action to recover moneys had and received, the plaintiff appeals from an order of the Supreme Court, Queens County (Graci, J.), dated October 20, 1989, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff owns two adjoining buildings in Rego Park, Queens. By notice dated June 11, 1975, the defendant advised the plaintiff of the need for it to repair its sidewalks within 20 days after service of the notice. The notice advised the plaintiff that when the work was done, the plaintiff had to request a reinspection. Furthermore, the notice stated that in the event the work was not done within the time specified, the defendant would make the repairs and bill the plaintiff.

The plaintiff claims that it made the repairs, and that by letter dated October 3, 1975, it informed the defendant it was ready for a reinspection. The defendant claims it never received the letter.

On March 29, 1982, the defendant repaired the plaintiff's sidewalks and billed the plaintiff $28,246.50, which the plaintiff paid under protest on or about December 30, 1982. Approximately one year later, the plaintiff commenced this action, claiming, among other things, that the defendant repaired its sidewalks without first providing it with the required notice that the sidewalks were in need of repair. Upon the defendant's motion, the Supreme Court dismissed the complaint.

A proceeding pursuant to CPLR article 78 is the appropriate vehicle for seeking judicial scrutiny of administrative implementation of legislatively-imposed duties (see, Matter of Town of Arietta v State Bd. of Equalization & Assessment, 56 NY2d 356, 362). Since this case is essentially one which seeks to test the validity of the 1982 administrative determination made by the defendant to repair the plaintiff's sidewalks pursuant to statutorily-granted authority, the action is time-barred pursuant to the four-month limitations period under CPLR 217 (see, Lily Pond Enters. v City of New York, 149 AD2d 412).

In view of the above disposition, we need not reach the plaintiff's remaining contentions. Harwood, J. P., Balletta, Rosenblatt and O'Brien, JJ., concur.