■ SID DAVIDOFF et al., Appellants, v STATE TAX COMMISSION OF THE STATE OF NEW YORK et al., Respondents. [617 NYS2d 915] —White, J. Appeal from an order of the Supreme Court (Conway, J.), entered December 16, 1993 in Albany County, which granted defendants' motion to dismiss the first amended complaint as untimely.

The facts gleaned from plaintiffs' first amended complaint are that on July 22, 1977, defendant State Tax Commission (hereinafter the Commission) filed a warrant against plaintiff Sid Davidoff in the amount of $36,031.17 for income taxes purportedly due. In 1990, plaintiffs filed a joint New York State income tax return claiming an $8,773 refund. Thereafter, defendant Department of Taxation and Finance attached the refund and applied it to the amount that was due from Davidoff to the Commission. By reason of this attachment, plaintiffs were required to pay an additional income tax in 1990 of $1,661.14. On September 7, 1993, an additional penalty of $366.45 based on the 1977 warrant was assessed against plaintiffs.

Plaintiffs commenced this action seeking, *inter alia,* a declaration that the warrant was null and void and a money judgment for the sums paid to and withheld by defendants. Defendants responded by moving to dismiss the action as being barred by the four-month Statute of Limitations. Supreme Court granted the motion, giving rise to this appeal.

Where a proceeding has been commenced in the form of a declaratory judgment action, for which no specific Statute of Limitations is prescribed, " 'it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought' " in order to ascertain the applicable Statute of Limitations *(New York City Health & Hosps. Corp. v McBarnette,* 84 NY2d 194 201, quoting *Solnick v Whalen,* 49 NY2d 224, 229). Here, the essence of plaintiffs' claim is a challenge to the validity of the tax warrant. Inasmuch as the Commission's issuance of the warrant was an administrative act in furtherance of its legislatively imposed duty to collect personal income taxes *(see,* Tax Law § 692 [a]), we agree with Supreme Court that plaintiffs' action is governed by the four-month Statute of Limitations applicable to CPLR article 78 proceedings *(see, Matter of Town of Arietta v State Bd. of Equalization & Assessment,* 56 NY2d 356, 362; *Sherwood Vil. Coop. Section "B" v City of New York,* 173 AD2d 461; *Inserillo v State Tax Commn.,* 159 AD2d 488, *appeal dismissed* 76 NY2d 772, *lv denied* 76 NY2d 709). Accordingly, since the warrant was filed in 1977 and as this action was not commenced until July 9, 1993, it is clearly time barred.

Finally, the assessment of the penalty on September 7, 1993 did not revive or extend the Statute of Limitations since, in issuing the penalty, defendants did not engage in a fresh or new redetermination of the facts and circumstances underlying the 1977 warrant *(see, Matter of Ellis Hosp. v McBarnette,* 199 AD2d 598). Thus, Supreme Court's analysis that plaintiffs' challenge to this penalty was also time barred was correct.

We have considered plaintiffs' remaining arguments and found them unpersuasive.

Cardona, P. J., Casey and Peters, JJ., concur. Ordered that the order is affirmed, without costs.