OPINION OF THE COURT
Frederick J. Marshall, J.
On November 5, 2007, the New York State Department of Taxation and Finance, the defendant herein, issued a jeopardy assessment of sales tax against the plaintiff, Judith R. Whitmer, pursuant to Tax Law § 1138 (b). (See exhibits A, B, C, attached to surreply affidavit of Ralph C. Lorigo, Esq., sworn to Apr. 7, 2009.) It is uncontested that the jeopardy assessment resulted from sales and use taxes owed by Variety Motors, Inc. and, together with interest and penalties, amounted to $788,994.97. The jeopardy assessment was made against the plaintiff personally because she was alleged to be an officer or other responsible person associated with Variety Motors, Inc. and, thus, was allegedly responsible for collection and payment of sales tax. (See Tax Law §§ 1131, 1133.) According to the defendant, Ms. Whitmer was liable for the payment of taxes due and owing for the tax period ending November 30, 2005 through and including the tax period ending August 31, 2007. (See Lorigo surreply affidavit, exhibit B.) Despite being informed of her right to a prompt hearing (see Lorigo surreply affidavit, exhibit A), plaintiff did not avail herself of her right to administrative review.
On November 7, 2007, the defendant filed tax warrants in the Erie County Clerk’s Office in the amount of $788,994.97. In late February 2008,* the plaintiff sold certain real property located in the Town of Clarence and, in order to clear title clouded by the aforementioned warrants, plaintiff was required to pay, and did pay, the defendant the sum of $73,483.30.
On July 2, 2008, plaintiff commenced this declaratory judgment action alleging that she was not an officer, director, em *1019 ployee, shareholder or other responsible person of Variety Motors, Inc.; that she never had any involvement with the financial affairs, management or day-to-day operation of the corporation; that she never prepared, filed or signed any tax returns on behalf of the corporation; that she never received any remuneration from the corporation.
In her complaint, the plaintiff stated several causes of action including that Tax Law § 1138 was not applicable to her, that the assessment should be declared null and void, that the lien filed in the Erie County Clerk’s Office should be declared null and void and that she was entitled to a refund of the sums paid by her to the defendant.
Defendant brought the instant motion to dismiss the plaintiffs complaint alleging that plaintiff failed to exhaust all appropriate administrative remedies and that, therefore, this court lacks subject matter jurisdiction. (Young Men’s Christian Assn. v Rochester Pure Waters Dist., 37 NY2d 371 [1975].)
Plaintiff opposed the motion by asserting that she falls within three recognized exceptions to the long-standing rule that a party must exhaust all administrative remedies before seeking relief in the courts. Those exceptions are: (1) that the statute, as applied, is unconstitutional; (2) that the statute is wholly inapplicable to the plaintiff; and (3) that resort to an administrative remedy would, in this case, be futile. (Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52 [1978].)
The first exception can be disposed of quickly. A careful review of the complaint does not support plaintiff’s claim. The complaint does not raise issues of constitutionality so as to permit plaintiff to avail herself of this exception.
Alternatively, the plaintiff claims that Tax Law § 1138 is wholly inapplicable to her. (Matter of Hospital Tel. Sys. v New York State Tax Commn., 41 AD2d 576 [3d Dept 1973].) In Hospital Tel. Sys., the Court noted that the petitioner did not challenge the amount of the tax imposed but instead challenged solely the applicability of the statute. (Id.) Plaintiff makes a similar claim. A discussion of Tax Law § 1138 is required.
Section 1138 (a) provides a means for the Commissioner to determine the amount of sales tax owed if a return is not filed, or if a return is filed, such return is incorrect or insufficient. A notice of such determination is then mailed to the person or persons liable for the collection or payment of the tax and such notice becomes an assessment of the amount of tax specified in *1020 such notice 90 days from the date of mailing of the notice of determination. The taxpayer may request a hearing within such time before the Division of Tax Appeals which may then make a final assessment of the tax. (Tax Law § 1138 [a] [1].) Whether or not a return is filed, the Commissioner may make a determination of liability as to an officer, director or employee of a corporation or of a dissolved corporation. Again, such determination becomes “an assessment of the tax and liability for the tax with respect to such person” unless such person avails himself or herself of a hearing within 90 days after notice of such determination. (Tax Law § 1138 [a] [3] [B].) After such hearing, the Division of Tax Appeals must give notice of its determination, the determination may be reviewed by a tax appeals tribunal and ultimately the person so assessed may ask for judicial review pursuant to article 78 of the CPLR. Prior to seeking judicial review, however, the aggrieved party must first deposit with the Commissioner of Taxation and Finance “the amount of any tax sought to be reviewed, with penalties and interest thereon,” or may file an undertaking “in a sum sufficient to cover the taxes, penalties and interest thereon stated in such determination plus the costs and charges which may accrue against him in the prosecution of the proceeding” (Tax Law § 1138 [a] [4]). No such deposit or undertaking is required when the sole determination to be made is the liability of an officer, director or other such responsible person. (Id.)
The defendant argues that Tax Law § 1138 (a) (3) (B) applies to the plaintiff because she is a resident of Erie County, New York, and is subject to the jurisdiction of the defendant. (Bankers Trust Corp. v New York City Dept. of Fin., 1 NY3d 315 [2003].) As such, defendant contends that plaintiff is unable to invoke the “wholly inapplicable” exception to the administrative remedies doctrine.
However, plaintiff points out that the notice she received was a “jeopardy assessment” made pursuant to Tax Law § 1138 (b). That section states, in pertinent part,
“[i]f the tax commission believes that the collection of any tax will be jeopardized by delay it may determine the amount of such tax and assess the same, together with all interest and penalties provided by law, against any person liable therefor prior to the filing of his return and prior to the date when his return is required to he filed.” (Tax Law § 1138 [b] [emphasis added].)
*1021 A jeopardy assessment under Tax Law § 1138 (b) results in an immediate determination and assessment of the tax which becomes due and payable to the commission by the person against whom it is assessed “as soon as notice thereof is given to him personally or by registered or certified mail.” (Id.)
Plaintiff contends that she is not a person liable for any sales taxes due and owing from Variety Motors, Inc. If that were her only contention and the defendant was attempting to determine and assess sales tax pursuant to Tax Law § 1138 (a), plaintiff would have been required to exhaust her administrative remedies by seeking a hearing as to that limited factual determination. Whether an individual is personally liable for sales and use taxes is a limited factual determination to be made initially, by resort to administrative review. (See e.g. Matter of Cohen v State Tax Commn., 128 AD2d 1022 [3d Dept 1987].) This court disagrees with plaintiffs contention that a jeopardy assessment under section 1138 (b) cannot be made against an officer or other responsible person. Provided that he or she is liable for the tax, such a person may be subject to a timely jeopardy assessment.
But plaintiff also asserts that a jeopardy assessment pursuant to section 1138 (b) may only be imposed by the Tax Commission “prior to the filing of [a] return and prior to the date when [a] return is required to be filed.” As noted earlier in this decision, the jeopardy assessment was made on November 5, 2007 for sales taxes that were due and owing for the tax period ending November 30, 2005 through and including the tax period ending August 31, 2007. Sales tax returns are required to be filed quarterly within 20 days after the end of each quarterly period. (Tax Law § 1136 [b].) Neither side in this dispute has said whether or not any tax returns were ever filed by Variety Motors, Inc. or by anyone in a position of responsibility. However, the last day when a return would have been required to be filed would have been September 20, 2007. In other words, the jeopardy assessment was made after the last date that the return was required to be filed, not prior to such date as required by the statute.
It follows, therefore, that defendant’s jeopardy assessment was untimely as a matter of law. At the time it was made, the jeopardy assessment was, as applied to plaintiff, “wholly inapplicable.” In Bankers Trust Corp., the Court of Appeals stated that “[t]o challenge a statute as wholly inapplicable, the taxpayer must allege that the agency had no jurisdiction over it *1022 or the matter that was taxed.” (1 NY3d at 322.) And in Watergate II Apts., the Court ruled that the exhaustion rule “need not be followed . . . when an agency’s action is challenged as either unconstitutional or wholly beyond its grant of power” (46 NY2d at 57). On November 5, 2007, the Commissioner had no power to make a jeopardy assessment against plaintiff pursuant to Tax Law § 1138 (b). (Matter of Parsons v State Tax Commn., 34 NY2d 190, 196-197 [1974].)
The third contention of plaintiff is that any pursuit of administrative remedies would be futile. Plaintiff says she is financially unable to deposit the sales tax allegedly owed, nor can she afford to post a bond. She contends that she would not be excused from either depositing the full amount of tax or posting a bond should she seek judicial review of a determination made by the Division of Tax Appeals or the tax appeals tribunal. This court is in agreement.
Defendant argues that the requirement to deposit the tax owed or post a bond as a prerequisite to judicial review would not apply to plaintiff (citing Tax Law § 1138 [a] [4]). It contends that section 1138 (b) provides only that the collection of a jeopardy assessment may be stayed by the posting of a bond, but says nothing about any requirement to post a bond in order to seek judicial review. Defendant’s assertion is erroneous.
Section 1138 (b) states that “[t]he provisions of subdivision (a) of this section shall apply to any such determination except to the extent that they may be inconsistent with the provisions of this subdivision.” Subdivision (a) requires the tax to be deposited or a bond posted before a party seeks judicial review and that is consistent with subdivision (b), which states that “[i]f such a bond [staying collection] is filed and thereafter a proceeding under article seventy-eight is commenced as provided in subdivision (a), deposit of taxes, penalties and interest assessed shall not be required as a condition precedent to the commencement of such proceeding.” (Tax Law § 1138 [b].) It stands to reason that, if a stay of collection is not sought, then, prior to seeking judicial review of a jeopardy assessment, a party must comply with the tax deposit or bond provisions found in section 1138 (a) (4).
The plaintiff relies on the decision in Horner v State of New York (125 Misc 2d 1 [Sup Ct, Albany County 1984], affd 107 AD2d 64 [3d Dept 1985]). In Horner the court found a futility exception to the exhaustion requirement because the plaintiff in that case was asserting that he was not personally liable for the *1023 tax and that to require him to deposit the tax or post a bond would have caused him financial ruin. After Horner was decided, the Legislature amended section 1138. It provided for an administrative determination as to whether someone was personally liable for sales tax and eliminated the requirement that the tax be deposited or a bond posted when such determination was judicially challenged. (See L 1985, ch 65, §§ 82, 83.)
As stated previously, plaintiff is not only challenging the assessment against her as an alleged corporate officer or other responsible person. The complaint clearly alleges that section 1138 is not applicable to the plaintiff. And her papers in opposition to defendant’s motion point to the difference between the jeopardy assessment procedure used by the Commission and the less draconian procedure authorized by section 1138 (a). The Legislature may have cured the defect found in Horner, but it clearly did not solve the problem faced by the plaintiff. Had she asked for a hearing on the issue of the general applicability of section 1138 (b) and received an adverse determination, she would have had to deposit the tax or post a bond prior to seeking judicial review. Section 1138 (a) (4) would not have absolved plaintiff from that requirement. Thus, any request for administrative review would have been futile.
For the reasons stated herein, the court finds that plaintiff was not required to exhaust her administrative remedies, that her action for a declaratory judgment is proper and that the defendant’s motion to dismiss must be denied.

 The date in the complaint (paragraph 52) is most likely in error.