# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**949**

**CA 14-00293**

PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

JUDITH R. WHITMER, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF TAXATION AND
FINANCE, DEFENDANT-RESPONDENT.

---

LAW OFFICE OF RALPH C. LORIGO, WEST SENECA (RALPH C. LORIGO OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. ARNOLD OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Frederick
J. Marshall, J.), entered May 10, 2013. The order, among other
things, granted defendant's motion for summary judgment dismissing the
complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In November 2007, defendant sent plaintiff a Notice
and Demand for Payment of Sales Taxes Under Jeopardy Assessment
(Jeopardy Assessment) pursuant to Tax Law § 1138 (b), and a Notice of
Determination for sales taxes due pursuant to Tax Law § 1138 (a) (1)
and (a) (3) (B). The Jeopardy Assessment and Notice of Determination
advised plaintiff that defendant determined that she was liable as an
officer or a responsible person of the named corporation for payment
of the sales taxes. The Jeopardy Assessment indicated that a jeopardy
assessment was required inasmuch as plaintiff appeared to be preparing
to transfer property or to leave the State. Defendant filed tax
warrants and liens against plaintiff.

On July 2, 2008, plaintiff commenced this declaratory judgment
action alleging that she was not an officer, director, employee,
shareholder, or responsible person of the named corporation and was
not liable for the assessment. Plaintiff sought a judgment declaring
that Tax Law § 1138 was not applicable to her, that the assessment
issued by defendant was null and void, and that the liens were null
and void because she was not a person responsible for the sales taxes.
Plaintiff also sought a return of money seized by defendant from the
sale of property she owned.

Supreme Court properly granted defendant's motion for summary

judgment dismissing the complaint as time-barred.  It is well settled that a court must examine the substance of a declaratory judgment action to determine if the issues could be resolved in another proceeding for which a specific limitation period is provided by law (*see Solnick v Whalen*, 49 NY2d 224, 229-230).  "Of course, when the claim is one against a governmental body or officer, the form of action that immediately springs to mind is a proceeding brought under CPLR article 78, a traditional, and surely the most common, vehicle for challenging a governmental decision or action" (*New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 201, *rearg denied* 84 NY2d 865).

As the court properly determined, the gravamen of plaintiff's complaint is that she is not responsible for the corporation's sales tax payments because she was not an officer, director, employee, shareholder, or responsible person of the corporation.  This controversy could have been resolved in a CPLR article 78 proceeding to challenge the November 5, 2007 Jeopardy Assessment and Notice of Determination and, under the four-month statute of limitations, plaintiff's complaint is time-barred (*see Heron v Division of Taxation of Dept. of Taxation & Fin. of State of N.Y.*, 209 AD2d 989, 990, *lv denied* 85 NY2d 809; *Davidoff v State Tax Commn. of State of N.Y.*, 208 AD2d 1095, 1096; *Inserillo v State Tax Commn.*, 159 AD2d 488, 489, *appeal dismissed* 76 NY2d 772, *lv denied* 76 NY2d 709).

Plaintiff contends that the catch-all six-year statute of limitations applies because the nature of the action is a return of money paid under protest to defendant, which is a cause of action for monies had and received.  She contends that such a cause of action is appropriate where the allegations are that defendant was without jurisdiction to collect the money, and the court has already ruled that the Jeopardy Assessment was untimely as a matter of law and thus defendant was without authority, or jurisdiction, to issue the Jeopardy Assessment (*Whitmer v New York State Dept. of Taxation & Fin.*, 24 Misc 3d 1017, 1021-1022).  We reject those contentions.  Although plaintiff's fourth cause of action sought a refund of approximately $73,000 for the money seized by defendant pursuant to the assessment and levies, that claim for monetary relief was incidental to the primary relief sought, i.e., a declaration that plaintiff was not a responsible person for the taxes sought under Tax Law § 1138 (*see* CPLR 7806; *Matter of Gross v Perales*, 72 NY2d 231, 236, *rearg denied* 72 NY2d 1042).  When a tax statute is alleged to be unconstitutional, or attacked as wholly inapplicable, "the invalidity or total inapplicability affects the entire statute, including the limitations and restrictions on the remedy provided in it" (*Matter of First Natl. City Bank v City of N.Y. Fin. Admin.*, 36 NY2d 87, 92-93; *see City of Rochester v Chiarella*, 98 AD2d 8, 12, *affd* 63 NY2d 857).  "To challenge a statute as wholly inapplicable, the taxpayer must allege that the agency had no jurisdiction over it or the matter that was taxed" (*Bankers Trust Corp. v New York City Dept. of Fin.*, 1 NY3d 315, 322).  Even assuming, arguendo, that the Jeopardy Assessment was untimely, we disagree with plaintiff that Tax Law § 1138 is therefore wholly inapplicable and unconstitutionally applied to her.  As

explained above, defendant also issued a Notice of Determination pursuant to Tax Law § 1138 (a) seeking the unpaid sales taxes, which is not dependent upon the Jeopardy Assessment.

Entered:  September 26, 2014          Frances E. Cafarell
Clerk of the Court